IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

   This matter is before the Court on Defendant's Motion for Partial Summary Judgment. Defendant seeks judgment in his favor on Plaintiff's gross negligence claim. Plaintiff has failed to respond to Defendant's Motion and the time for doing so has now passed. For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

   On the morning of July 15, 2011, Plaintiff Taylor Harper was riding his bicycle east on West Campus Drive on the campus of Brigham Young University Idaho. Defendant Michael Tveter's 2004 Ford F-350 pick-up truck was parked diagonally on that same street. Defendant had placed a ridge cap—a metal piece that goes on the ridge of a roof—in the bed of his truck. The ridge cap stuck out two feet, eight inches from the bed of the truck. Defendant had not flagged or covered the portion of the ridge cap that was exposed.

   While passing the truck, Plaintiff hit a piece of the ridge cap that was sticking out of the bed of Defendant's truck. Plaintiff testified that he did not see the ridge cap. Plaintiff suffered injuries as a result of striking the material.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]  Pursuant to Rule 56(e), since Plaintiff has failed to properly address Defendant's assertions of fact, the Court may consider the facts undisputed for the purposes of this Motion and may grant summary judgment if the Motion and supporting materials show that Defendant is entitled to it.

## III.  DISCUSSION

Plaintiff asserts claims for negligence and gross negligence.  Defendant only seeks summary judgment as to Plaintiff's gross negligence claim.  Before considering the merits of that claim, the Court must first determine what law applies to this dispute.

"A federal court sitting in diversity must apply the conflicts of law rules of the state in which it sits.  This includes applying the state choice of law rules."[4]  "In Utah we apply the 'most significant relationship' approach as described in the Restatement (Second) of Conflict of

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] *Tucker v. R.A. Hanson Co., Inc.*, 956 F.2d 215, 217 (10th Cir. 1992) (internal citations omitted).

Laws in determining which state's laws should apply to a given circumstance."[5] Utah courts consider the following factors when determining which state has the most significant relationship to a tort dispute: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."[6]

In this case, the injury occurred in Idaho and the place where the conduct causing the injury similarly occurred in Idaho. Plaintiff is a resident of Idaho while Defendant is a resident of Utah. And finally, the relationship between the parties, to the extent one exists, is centered in Idaho. Therefore, considering the contacts with Idaho and "their relative importance with respect to the particular issue," the Court will apply Idaho law.[7]

The Idaho Supreme Court has ascribed various definitions to the phrase gross negligence. In *Strong v. Western Union Telegraph Co.*,[8] the court defined gross negligence as "the want of even a slight care and diligence," "the want of that diligence that even careless men are accustomed to exercise," or "the want of that care which every man of common sense, however

---

[5] *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1059 (Utah 2002).

[6] *Id.* at 1060 (quoting Restatement (Second) Conflict of Laws § 145(2) (1971)).

[7] Restatement (Second) Conflict of Laws § 145. The Court would note that it would likely make no difference if the Court applied Utah law. Under Utah law, gross negligence is "the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result." *Berry v. Greater Park City Co.*, 171 P.3d 442, 449 (Utah 2007). The standard in Idaho is largely similar and, as discussed, Plaintiff fails to present sufficient evidence to show gross negligence under Idaho law.

[8] 109 P. 910 (Idaho 1910).

inattentive he may be, takes of his own property."[9]  In *Mattson v. Bryan*,[10] the Idaho Supreme Court approved a jury instruction that read "Gross negligence means just what it indicates, gross or great negligence; that is negligence in a very high degree."[11]  Black's Law Dictionary similarly defines gross negligence as "a lack of even slight diligence or care."[12]  Regardless of the definition used, the "Idaho Supreme Court has repeatedly recognized that gross negligence entails a very high degree of negligence."[13]

In this case there are no facts upon which a jury could find that Defendant acted with gross negligence.  Defendant placed a metal ridge cap in the back of his truck, which stuck out two feet and eight inches from the bed of the truck.  Defendant testified that he inquired as to whether he needed to flag the ridge cap and was told that he did not.  This is consistent with Idaho law.[14]  Defendant's truck was parked in a designated parking spot and, though the truck was large, the front of the truck was pulled up to the curb.  Even after the incident occurred, Defendant was only advised that he may want to cover such material should he bring it on to campus in the future.  However, this was only a recommendation, not a requirement.  From these facts a jury could not conclude that Defendant acted with the very high degree of negligence required for a gross negligence claim.  Therefore, Defendant is entitled to summary judgment on that claim.

---

[9] *Id.* at 916

[10] 448 P.2d 201 (Idaho 1968).

[11] *Id.* at 208.

[12] BLACK'S LAW DICTIONARY 1197 (10th ed. 2014).

[13] *FDIC v. Coleman*, No. 1:14-cv-00310-CWD, 2015 WL 476234, at *11 (D. Idaho Feb. 5, 2015).

[14] IDAHO CODE ANN. § 49-913.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 41) is GRANTED.

DATED this 18th day of May, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge