IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE POLICE REPORT AND EVIDENCE OF INSURANCE<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion in Limine to Exclude Police Report and Evidence of Insurance. In his Motion, Defendant seeks to exclude the introduction of a police report and requests an order prohibiting reference to Defendant's automobile insurance. In response, Plaintiff does not dispute that Defendant's insurance information should be redacted from the police report, but argues that other portions of the police report should be admitted.

Federal Rule of Evidence 803(8) provides that the following are not excluded by the rule against hearsay:

> A record or statement of a public office if:
>
> (A) it sets out:
>
> (i) the office's activities;
>
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

1

"It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not."[1]

In this case, the police report contains both admissible observations and inadmissible double hearsay.  In addition, the police report contains inadmissible information concerning Defendant's insurance.  While the Court will not exclude the entire police report, the Court directs the parties to work together to redact any inadmissible information.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Police Report and Evidence of Insurance (Docket No. 52) is GRANTED IN PART AND DENIED IN PART.

DATED this 11th day of August, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983).