IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Plaintiff's Motion in Limine. In his Motion, Plaintiff seeks to exclude the testimony of Defendant's expert Jubal Hamernik or, alternatively, to limit that testimony. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

　　　　Defendant has retained Jubal Hamernik, Ph.D., as an expert. Dr. Hamernik is a biomechanical engineer and an accident reconstruction expert.[1] In his report,[2] Dr. Hamernik examined a police report, Plaintiff's deposition testimony, and photographs to reconstruct the accident. Dr. Hamernik opines that: Defendant was not required to have affixed a flag or light to the rear of the metal ridge caps/drip edge; Plaintiff would have cleared Defendant's truck by a foot or less and potentially would have contacted the left rear corner of the truck even without the presence of the metal ridge caps/drip edge; Plaintiff was not maintaining a proper lookout immediately prior to the incident; and, had Plaintiff been maintaining a proper lookout, Plaintiff

---

[1] Plaintiff does not appear to challenge Dr. Hamernik's qualifications.

[2] The Court will not permit Dr. Hamernik's report to be introduced as an exhibit at trial. To the extent Plaintiff's Motion seeks exclusion of the report, it is granted.

could have adjusted his travel path and prevented the accident from occurring. Plaintiff seeks to exclude these opinions.

Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[3] and *Kumho Tire Co., Ltd. v. Carmichael*,[4] the Supreme Court interpreted the requirements of Rule 702. "*Daubert* requires a trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"[5] "[T]he purpose of the *Daubert* inquiry is always 'to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"[6]

The *Daubert* analysis requires a two-part inquiry. First, the Court must "determine if the expert's proffered testimony has a reliable basis in the knowledge and experience of his or her

---

[3] 509 U.S. 579 (1993).

[4] 526 U.S. 137 (1999).

[5] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).

[6] *Goebel v. Denver and Rio Grande W. R.R. Co.*, 346 F.3d 987, 992 (10th Cir. 2003) (quoting *Kumho Tire*, 526 U.S. at 152).

discipline."[7]  To do so, the Court determines "whether the reasoning or methodology underlying the testimony is scientifically valid."[8]  Second, the Court determines whether the proposed testimony is relevant.[9]

Plaintiff first argues that Dr. Hamernik should not be permitted to testify that Defendant was not required to flag the metal ridge caps/drip edge.  This statement is based on Idaho Code § 49-913, which would require a flag or light in certain circumstances if the load extends more than four feet from the bed of the truck.  Plaintiff argues that the jury can read the statute for themselves and that Dr. Hamernik's testimony on this point gives it improper authority.  Plaintiff further argues that Dr. Hamernik's testimony is potentially misleading because the fact that something is not prohibited by statue does not necessarily mean that it is not negligent.

"Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."[10]  However, an expert may "refer to the law in expressing his or her opinion."[11]  The Court will not permit Dr. Hamernik to testify that Defendant was not required to affix a flag or light to the metal ridge caps/drip edge.  This is a legal conclusion drawn by applying the law to the facts and is the province of the jury.  However, the Court will permit Dr. Hamernik to reference Idaho Code § 49-913 in expressing his opinion.

---

[7] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 883–84 (10th Cir. 2005) (citation and internal quotation marks omitted).

[8] *Id.*

[9] *Id.*

[10] *Oakland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998).

[11] *A.E. ex rel. Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991).

Plaintiff next argues that Dr. Hamernik should not be permitted to testify that Plaintiff may have collided with the truck regardless of the presence of the metal ridge caps/drip edge. This testimony is based on Dr. Hamernik's analysis of the location of the bicycle, the truck, and the metal ridge caps/drip edge at the time of the incident. Plaintiff argues that this statement is speculative. However, merely because Dr. Hamernik cannot confirm that Plaintiff would have hit the truck does not make it impermissible. Therefore, the Court will allow Dr. Hamernik to testify on this point.

Plaintiff argues that Dr. Hamernik should not be allowed to testify that Plaintiff was not maintaining a proper look out. This opinion is derived from an analysis of the accident scene as well as Plaintiff's deposition testimony. Plaintiff argues that such testimony constitutes impermissible vouching and encroaches on the jury's function to make credibility determinations. The Court disagrees. Dr. Hamernik provides analysis on an issue that will be central to the jury's determination of the issues in this case. Therefore, it will be permitted.

Plaintiff further argues that Dr. Hamernik should not be permitted to testify that, had Plaintiff been maintaining a proper look out, he could have avoided the accident. The Court finds nothing objectionable about this common sense statement. Plaintiff takes issue with Dr. Hamernik's reliance on data about the positioning of the sun and his opinion that, if the sun were in Plaintiff's eyes, he should have dismounted his bike. These are proper areas for cross examination, but do not warrant the exclusion of this testimony. Therefore, the Court will allow Dr. Hamernik to so testify.

In addition to the above, Plaintiff argues that Dr. Hamernik's opinions should be excluded under Rules 401, 402, and 403. For substantially the same reasons set forth above, the

Court disagrees. Dr. Hamernik's opinions are relevant to the issues before the jury and their relevance is not substantially outweighed by any prejudicial effect.

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 48) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED this 11th day of August, 2015.

BY THE COURT:

Ted Stewart
United States District Judge