IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE NO. 6 TO PROHIBIT REFERENCE TO COLLATERAL SOURCE PAYMENTS<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion in Limine to Prohibit Reference to Collateral Source Payments.  Plaintiff requests that Defendant be prohibited from presenting any evidence regarding payment of medical or hospital bills, disability income, Social Security, or payments from any other source, be they governmental or third-party.  Defendant has indicated to the Court that he does not intend to introduce collateral source evidence, as long as Plaintiff does not open the door to the issue.

Under Idaho law,

> [p]ayments received from collateral sources are generally inadmissible unless the evidence of payment from a collateral source is relevant to some other material issue.  For instance, when a plaintiff, through either the use of misleading statements or outright false statements, falsely conveys to the jury that the plaintiff is destitute or in dire financial straits, admission of evidence of collateral source payments received by the plaintiff is permitted as impeachment evidence.[1]

---

[1] *Mulford v. Union Pacific Railroad*, 321 P.3d 684, 691 (Idaho 2014) (citation and internal quotation omitted).

Accordingly, any evidence regarding collateral source payments will be prohibited at trial.  However, if Plaintiff opens the door to discussion of these issues, Defendant may use evidence of collateral source payments as impeachment evidence.

Finally, in his Response to Plaintiff's Motion, Defendant requests he be allowed to subpoena relevant billing and payment records from CIGNA.  Under Fed. R. Civ. P. 45, attorneys have subpoena power.  If Defendant believes he needs a court order to obtain certain documents, he must submit an appropriate motion.

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 71) is granted in part and denied in part.

DATED this 24th day of August, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge