IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE REGARDING TRIAL MATTERS<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion in Limine Regarding Trial Matters. In his Motion, Defendant requests that the Court (1) prohibit reference to State Farm, Defendant's insurance carrier, or the fact that Trystan Smith & Associates is a captive law firm of State Farm Insurance; and (2) prohibit any type of "per diem, golden rule or reptile brain type argument."

This Court has dealt with the issue of insurance in two separate orders. In the Court's Order granting in part and denying in part Defendant's Motion in Limine to Exclude Police Report and Evidence of Insurance, the Court ruled that insurance information would be redacted from the police records.[1] In its Order denying as moot Plaintiff's Motion in Limine to Prohibit "Poor-Mouthing," the Court ruled that evidence of liability insurance would not be admissible unless either party opens the door to the topic by providing misleading information or claiming financial hardship.[2]

---

[1] Docket No. 66, at 2.

[2] Docket No. 117, at 1.

1

Federal Rule of Evidence 411 governs the admissibility of liability insurance. It provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.[3]

The Court will enforce Rule 411 and prohibit reference to State Farm and its relationship to Defendant and Defendant's counsel unless otherwise provided under an exception to the general rule.

Additionally, Defendant requests the Court prohibit Plaintiff from presenting any type of "per diem, golden rule or reptile brain type argument."

The use or non-use of a per diem argument is left within the sound discretion of the trial court.[4] The Court will prohibit Plaintiff from using a per diem damages argument to the jury. Use of the "golden rule" argument, or an argument in which the jury is exhorted to place itself in the party's shoes, will be allowed on the issue of ultimate liability, but will be prohibited on the issue of damages.[5] Golden rule argument or other types of argument such as "reptile brain" will be subject to the general prohibition against impassioning or inflaming the jury. Appropriate objections may be made at the time of trial and will be ruled on accordingly.

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 99) is GRANTED IN PART and DENIED IN PART.

---

[3] Fed. R. Evid. 411.

[4] *McDonald v. United Airlines*, 365 F.2d 593, 595 (10th Cir. 1966).

[5] *See Shultz v. Rice*, 809 F.2d 643, 651–52 (10th Cir. 1986).

DATED this 27th day of August, 2015.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge