Tajha L. Ferrara, Bar No. 10631
Trystan Smith, Bar No. 08035
Trystan Smith & Associates
136 South Main Street, Suite 520
Salt Lake City, UT 84101
Telephone:   (801) 257-7200
Facsimile:    (801) 257-7215
Attorneys for Defendant Michael Tveter
Employees of the Corporate Law Department
State Farm Mutual Automobile Insurance Company

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

---

| | |
|---|---|
| TAYLOR HARPER,<br><br>                    Plaintiff,<br>v.<br><br>MICHAEL TVETER,<br><br>                    Defendant. | **MR. TVETER'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>CASE: 2:13-cv-00889<br><br>Judge Stewart |

Defendant Michael Tveter's Objects to plaintiff's proposed jury instructions, Instructions No. 1-19 as outlined below and responds as requested in the Court's Trial Order.  Defendant has stated the instruction first, his objections, and then any proposed instruction last.

**1)**                    <u>**Plaintiff's Proposed Instruction No. 1:**</u>

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

You may takes notes during the trial and have those notes with you when you discuss the case.  If you take notes, do not over do it, and do not let your note-taking distract you

from following the evidence.  Your notes are not evidence, and you should use them only as a tool to aid your personal memory.  I will secure your notes in the jury room during breaks and have them destroyed at the end of the trial.

**DEFENDANT'S OBJECTION:**     Defendant is unclear whether or not the Court permits note-taking as note taking is not one of the Court's stock jury instructions.  If note-taking is allowed, the first paragraph of this jury instruction has already been agreed upon in the Joint Jury Instructions No. 7 and does not need to be repeated.  If the Court permits the jury to take notes, then defendant does not object to just the second paragraph being provided which should be in conformity with MUJI 2d CV 108.  Defendant's proposal is below.

**Defendant's Proposed Instruction:**

INSTRUCTION NO. _____

You may take notes during the trial and have those notes with you when you discuss the case. If you take notes, do not over do it, and do not let your note-taking distract you from following the evidence. Your notes are not evidence, and you should use them only as a tool to aid your personal memory. I will secure your notes in the jury room during breaks and have them destroyed at the end of the trial.

References:
MUJI 2d CV 108; URCP 47(n); MUJI 1st Instruction 1.6; removed brackets.

Committee Notes
The judge may instruct the jurors on what to do with their notes at the end of each day and at the end of the trial.

2)                        **Plaintiff's Proposed Instruction No. 2:**

                              **Order of the trial**

       The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

       Next, Plaintiff will present his witnesses and defendant may cross-examine them.  Then Defendant will present his witnesses and Plaintiff may cross-examine them.  Then Plaintiff will present a rebuttal case.

       After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

       You will then retire to deliberate on your verdict.

**DEFENDANT'S OBJECTION:**     Defendant objects to the insertion of "Then Plaintiff will present a rebuttal case" added to the second paragraph.  Whether or not a rebuttal case will be presented cannot be decided until the evidence comes in at trial, and assuming it is rebuttal and the Court allows it.  Instructing the jury about a rebuttal case before one has happened is error and could confuse the jury if no rebuttal case is presented.  It is within the discretion of the trial court to permit rebuttal.  The plaintiff must first establish that the defendant has presented new evidence or theories in its case in chief and that the plaintiff did not know about or reasonably have anticipated the defense theories.  *See Koch v. Koch Industries, Inc.*, 203 F. 3d 1202, 1224 (10th Cir. 2000). Defendant therefore proposes that the jury instruction be the stock jury instruction of the Court, outlined below.

**Defendant's Proposed Instruction:**

INSTRUCTION NO. _____

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Plaintiff will present his witnesses and defendant may cross-examine them. Then Defendant will present his witnesses and Plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.

Reference:
Stewart Stock Jury Instruction

3)                          <u>**Plaintiff's Proposed Instruction No. 3**</u>

<u>**Negligence**</u>

When I use the word "negligence" in these instructions, I mean the failure to use ordinary care in the management of one's property or person.  The words "ordinary care" mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence.  Negligence may thus consist of the failure to do something which a reasonably careful person would do, or the doing of something a reasonably careful person would not do, under circumstances similar to those shown by the evidence.  The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.

**DEFENDANT'S OBJECTION:**     The plaintiff has included the bracketed words [The law does not say how a reasonable person would act under those circumstances.  That is for you to decide.] The commentary from the Idaho Jury Instructions specifically states that: "[t]he bracketed words may be omitted when specific instructions defining standard of care, such as statutory duties, are included."  *See* Commentary to IDJI 2.20.  Here, we have several statutory duties that apply and several instructions dealing with the standard of care of the parties.  *See e.g.* I.C. § 49-717; I.C. § 49-714; I.C. § 49-913.  Thus, this language should be omitted as it would be confusing to the jury and is an improper statement of the law, where the duty of care has been defined and statutes do apply.

**Defendant's Proposed Instruction:**

INSTRUCTION NO. _____

When I use the word "negligence" in these instructions, I mean the failure to use ordinary care in the management of one's property or person.  The words "ordinary care" mean the care a reasonably careful person would use under circumstances similar to those

shown by the evidence.  Negligence may thus consist of the failure to do something which a

reasonably careful person would do, or the doing of something a reasonably careful person

would not do, under circumstances similar to those shown by the evidence.

Reference:
IDJI 2.20 – Definition of negligence
-   Bracketed words have been omitted.

Comment from Idaho Jury Instructions:
        The bracketed words may be omitted when specific instructions defining standard of care,
such as statutory duties, are included.

4)                    <u>**Plaintiff's Proposed Instruction No. 4**</u>

<u>**Nature of the Case**</u>

In this case Taylor Harper seeks compensation for damages he received in a bike accident where he collided with sharp metal strips that Harper contends were negligently positioned outside of the bed of Defendant Michael Tveter's parked truck.

Michael Tveter denies liability and claims that Michael Tveter is at fault for the collision.

**DEFENDANT'S OBJECTION**:     Defendant objects to the plaintiff's nature of the case as it is argumentative, discussing "sharp metal strips" and does not outline the whole nature of the case. Defendant's jury instruction on Nature of the Case is a better statement of the case.

**Defendant's Proposed Instruction:**

INSTRUCTION NO. ____

On the morning of July 15, 2011, plaintiff Taylor Harper rode his bicycle eastbound on West Campus Drive on the campus of BYU – Idaho in Rexburg.  Defendant Michael Tveter parked his 2004 Ford F-350 pick-up truck diagonally on the south side of that same street.  Mr. Tveter drove to campus that morning with ridge cap and drip edge in the bed of his truck.  Ridge cap and drip edge is a type of metal used for roof construction.

As plaintiff rode his bicycle eastbound on the roadway, plaintiff biked into the metal, which extended from Mr. Tveter's parked truck.  Mr. Tveter did not witness the accident. He was not in his truck.  He was in class when the incident happened.

Reference:
MUJI 2nd CV 103, MUJI 1st Instruction 1.1 with insertion of discussion on nature of the case. Omitted discussion on defendant's counterclaims, etc. as not applicable in this case.

**5)**                          <u>**Plaintiff's Proposed Instruction No. 5**</u>

Defendant does not object to plaintiff's Instruction number 5. It has already been included in the Joint Instructions, Number 26.

**6)**                    <u>**Plaintiff's Proposed Instruction No. 6**</u>

<u>**Limited purpose evidence**</u>

Some evidence is received for a limited purpose only. When I instruct you that an item of evidence has been received for a limited purpose, you must consider it only for that limited purpose.

**DEFENDANT'S OBJECTION:**     Defendant objects to the instruction, in as much as there has been no evidence received for a limited purpose.  If in fact evidence is received for a limited purpose, defendant does not object.

**7)**                      <u>**Plaintiff's Proposed Instruction No. 7**</u>

<u>**Statement of opinion**</u>

Under limited circumstances, I will allow a witness to express an opinion. Consider opinion testimony as you would any other evidence, and give it the weight you think it deserves.

You may choose to rely on the opinion, but you are not required to do so.

If you find that a witness, in forming an opinion, has relied on a fact that has not been proved, or has been disproved, you may consider that in determining the value of the witness's opinion.

**DEFENDANT'S OBJECTION:**      Defendant objects to this jury instruction as there is already a jury instruction covering this issue in the stock jury instructions, and we have stipulated to its admission.  Joint Instruction No. 14 has been agreed to and it is a concise statement on this issue, and a second instruction is not necessary.

**Defendant's Proposed Instruction:**

JOINT INSTRUCTION NO. 14

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the extent of his or her opportunity to perceive the matters upon which his or her opinion is based and the reasons, if any, given for it.  You are not required to accept such an opinion but should give it the weight to which you find it entitled.

**8)**                          <u>**Plaintiff's Proposed Instruction No. 8**</u>

<u>**"Fault" defined**</u>

Your goal as jurors is to decide whether Taylor Harper was harmed and, if so, whether anyone is at fault for that harm. If you decide that more than one person is at fault, you must then allocate fault among them.

Fault means any wrongful act or failure to act. The wrongful act or failure to act alleged in this case is negligence.

Your answers to the questions on the verdict form will determine whether anyone is at fault. We will review the verdict form in a few minutes.

**DEFENDANT'S OBJECTION:**     Defendant objects to the jury instruction on fault, which comes from the Utah jury instructions.  This Court has already determined that Idaho substantive law applies to the facts of this case.  Thus, the Idaho jury instructions would be the applicable instructions as to defining fault and negligence, not Utah.

**Defendant's Proposed Instruction:**

INSTRUCTION NO. _____

When I use the word "negligence" in these instructions, I mean the failure to use ordinary care in the management of one's property or person.  The words "ordinary care" mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence.  Negligence may thus consist of the failure to do something which a reasonably careful person would do, or the doing of something a reasonably careful person would not do, under circumstances similar to those shown by the evidence.

9)                    <u>**Plaintiff's Proposed Instruction No. 9**</u>

<u>**"Negligence" Claims**</u>

You must decide whether Michael Tveter was negligent.

To establish negligence, Taylor Harper has the burden of proving that:

(1) Michael Tveter was negligent; and

(2) this negligence was a cause of Taylor Harper's harm.

In this action, Taylor Harper alleges that Michael Tveter was negligent in the following respects:

(1) Leaving sharp metal strips protruding out of his truck in the traveled roadway; and

(2) Parking an Ford F-350 in the particular area under the circumstances

If you find that the Michael Tveter was negligent in any of these respects, then you must determine whether that negligence was a cause of Taylor Harper's harm.

Michael Tveter claims that Taylor Harper was negligent in causing his own harm. To establish Taylor Harper's negligence, Michael Tveter has the burden of proving that:

(1) Taylor Harper was negligent; and

(2) this negligence was a cause of his own harm.

In this action, Michael Tveter  alleges that Taylor Harper was negligent in the following respects:

(1) Taylor Harper should have seen the debris and was not paying attention.

If you find that the Taylor Harper was negligent in any of these respects, then you must determine whether that negligence was a cause of his harm.

**DEFENDANT'S OBJECTION:**      Defendant objects to this instruction, as it uses the Utah

jury instruction instead of Idaho, takes out parts of the Utah MUJI jury instruction on this issue,

and would not be appropriate where it is Idaho's definitions of negligence (see above for Idaho

negligence instruction)  and Idaho's definition of burden that should be applied, not Utah.

Moreover, the Court has already ruled that the plaintiff cannot claim the truck was parked in a

negligent fashion, which is the second (2) allegation of negligence in plaintiff's jury instructions.

*See* Docket No. 122.  The plaintiff and the defendant have both submitted jury instructions as to

the elements of negligence and burden of proof as defined in Idaho, and this instruction would

further be duplicative of that and confuse the jury and should be excluded under Federal Rule of

Evidence 401 and 403.

**Defendant's Proposed Jury Instruction:**

DEFENDANT'S INSTRUCTION NO. 12

The plaintiff has the burden of proof on each of the following propositions:

1.      The defendant was negligent.

2.      The plaintiff was injured.

3.      The negligence of the defendant was a proximate cause of the injury

to the plaintiff.

4.      The elements of damage and the amounts thereof.

You will be asked the following question on the jury verdict form:

Was the defendant negligent, and if so, was the negligence a proximate cause

of the injuries to the plaintiff?

If you find from your consideration of all the evidence that each of these

propositions has been proved, you should answer this question "Yes."  However, if you find

13

that any of these propositions has not been proved, then the plaintiff has not met the burden of proof required and you should answer this question "No."

**Requested language to include in Instruction if Court permits the Instruction:**

If the Court still allows this instruction to go forward to the jury despite the above objections, and first proposed instruction, then defendant requests that it conform to the Model Utah Jury Instruction 202A and further include defendant's claims as follows:

INSTRUCTION NO. ____

You must decide whether Taylor Harper and/or Michael Tveter were negligent. Negligence means that a person did not use reasonable care. We all have a duty to use reasonable care to avoid injuring others. Reasonable care is simply what a reasonably careful person would do in a similar situation. A person may be negligent in acting or in failing to act.

The amount of care that is reasonable depends upon the situation. Ordinary circumstances do not require extraordinary caution. But some situations require more care because a reasonably careful person would understand that more danger is involved.

To establish negligence, Taylor Harper has the burden of proving that:

(1) Taylor Harper was negligent; and

(2) this negligence was a cause of Taylor Harper's harm.

In this action, Taylor Harper alleges that Michael Tveter was negligent in the following respects:

(1) leaving sharp metal strips protruding out of his truck in the traveled roadway.

If you find that Michael Tveter was negligent in any of these respects, then you must determine whether that negligence was a cause of Taylor Harper's harm.

Michael Tveter claims that Taylor Harper was negligent in causing his own harm. To establish Taylor Harper's negligence, Michael Tveter has the burden of proving that:

(1) Taylor Harper was negligent; and

(2) this negligence was a cause of Taylor Harper's harm.

In this action, Michael Tveter alleges that Taylor Harper was negligent in the following respects:

(1) failing to keep a proper lookout;

(2) failing to follow the rules of the road applicable to bicycle riders on the roadway; and

(3) riding his bicycle without paying attention so that he struck a parked, stationary object.

If you find that Taylor Harper was negligent in any of these respects, then you must determine whether that negligence was a cause of his harm.

Reference:
MUJI 2d CV 202A

**10)**                    <u>**Plaintiff's Proposed Instruction No. 10**</u>

<u>**"Cause" defined**</u>

I've instructed you before that fault is a wrongful act or failure to act. You must also determine whether a person's fault caused the harm.

As used in the law, the word "cause" has a special meaning, and you must use this meaning whenever you apply the word. "Cause" means that:

(1) the person's act or failure to act produced the harm directly or set in motion events that produced the harm in a natural and continuous sequence;

and

(2) the person's act or failure to act could be foreseen by a reasonable person to produce a harm of the same general nature.

There may be more than one cause of the same harm.

References:
MUJI 2d CV209

**DEFENDANT'S OBJECTION:**      Again, this instruction is using Utah law instead of Idaho law.  The proper instruction should come from Idaho's jury instructions, not Utah.  A proximate cause instruction from Idaho has been stipulated to.

**Defendant's Proposed Instruction:**

JOINT INSTRUCTION NO. 29

When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the complained injury, loss or damage, and but for that cause the damage would not have occurred.  It need not be the only cause.  It is sufficient if it is a

substantial factor in bringing about the injury, loss or damage.  It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.

There may be one or more proximate causes of an injury.  When the negligent conduct of two or more persons or entities contribute concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

Reference:
IDJI 2.30.1 - Proximate cause -"but for" test.

**11)**                          **Plaintiff's Proposed Instruction No. 11**

**Introduction to tort damages. Economic and noneconomic damages introduced**

I will now instruct you about damages. My instructions are given as a guide for calculating what damages should be if you find that Taylor Harper is entitled to them. However, if you decide that Taylor Harper is not entitled to recover damages, then you must disregard these instructions.

If you decide that Michael Tveter's fault caused Taylor Harper's harm, you must decide how much money will fairly and adequately compensate Taylor Harper for that harm. There are two kinds of damages: economic and noneconomic.

**DEFENDANT'S OBJECTION:**     Defendant objects to the Utah jury instruction on this issue. Moreover, as economic damages have been agreed upon, there is no need to instruct the jury about economic damages.  There are other instructions on damages that should cover this issue and explain it to the jury.

12)                    <u>**Plaintiff's Proposed Instruction No. 12**</u>

<u>**Proof of damages**</u>

To be entitled to damages, Taylor Harper must prove two points:

First, that damages occurred. There must be a reasonable probability, not just speculation, that Taylor Harper suffered damages.

Second, the amount of damages. The level of evidence required to prove the amount of damages is not as high as what is required to prove the occurrence of damages. There must still be evidence, not just speculation, that gives a reasonable estimate of the amount of damages, but the law does not require a mathematical certainty.

In other words, if Taylor Harper has proved that he has been damaged and has established a reasonable estimate of those damages, Michael Tveter may not escape liability because of some uncertainty in the amount of damages.

**DEFENDANT'S OBJECTION:**    This instruction is unnecessary and the Idaho instructions on damages should be used, not Utah.  With the parties' joint stipulated instructions, and the additional proposed instructions of the defendant, the jury has been sufficiently instructed on damages.  Moreover, plaintiff modified this jury instruction and removed the last portion of the sentence from MUJI 2d CV 2002.  It should read. "There must be a reasonable probability, not just speculation, that Taylor Harper suffered damages from Mr. Tveter's fault."  Finally, the instruction if given should specifically reference non-economic damages, as the economic damages figure has been agreed to and is not for the jury to consider:

INSTRUCTION NO. _____

To be entitled to non-economic damages, Taylor Harper must prove two points:

20

First, that damages occurred. There must be a reasonable probability, not just speculation, that Taylor Harper suffered damages from Michael Tveter's fault.

Second, the amount of damages. The level of evidence required to prove the amount of damages is not as high as what is required to prove the occurrence of damages. There must still be evidence, not just speculation, that gives a reasonable estimate of the amount of damages, but the law does not require a mathematical certainty.

In other words, if Taylor Harper has proved that he has been damaged and has established a reasonable estimate of those damages, Michael Tveter may not escape liability because of some uncertainty in the amount of damages.

References:
MUJI 2d CV2002 (modified to add "non-economic")

**13)**                     <u>**Plaintiff's Proposed Instruction No. 13**</u>

<u>**Noneconomic damages defined**</u>

Noneconomic damages are the amount of money that will fairly and adequately compensate Taylor Harper for losses other than economic losses.

Noneconomic damages are not capable of being exactly measured, and there is no fixed rule, standard or formula for them. Noneconomic damage must still be awarded even though they may be difficult to compute. It is your duty to make this determination with calm and reasonable judgment. The law does not require the testimony of any witness to establish the amount of noneconomic damages.

In awarding noneconomic damages, among the things that you may consider are:

(1) the nature and extent of injuries;

(2) the pain and suffering, both mental and physical;

(3) the extent to which Taylor Harper has been prevented from pursuing his ordinary affairs;

(4) the degree and character of any disfigurement or scarring;

(5) the extent to which Taylor Harper has been limited in the enjoyment of life; and

(6) whether the consequences of these injuries are likely to continue and for how long.

While you may not award damages based upon speculation, the law requires only that the evidence provide a reasonable basis for assessing the damages but does not require a mathematical certainty.

I will now instruct you on particular items of economic and noneconomic damages presented in this case.

**DEFENDANT'S OBJECTION**:     Plaintiff is using the Utah Instruction, MUJI 2d CV 2004. The jury should be instructed based on Idaho law and Idaho instructions on damages, not the Utah instructions.  There are differences in how Idaho and Utah define, explain and apply damages in their cases and since this incident occurred in Idaho and Idaho law applies, the Idaho Instruction should be given.  Defendant's proposed instruction, outlined below, is a more accurate statement of the law.

**Defendant's Proposed Instruction**

DEFENDANT'S INSTRUCTION NO. 11

If the jury decides the plaintiff is entitled to recover from the defendant, the jury must determine the amount of money that will reasonably and fairly compensate the plaintiff for any damages proved to be proximately caused by the defendant's negligence.

The elements of damage the jury may consider are:

Non-economic damages

1.     The nature of the injuries;

2.     The physical and mental pain and suffering, past and future;

3.     The impairment of abilities to perform usual activities;

4.     The disfigurement and/or scarring caused by the injuries;

Whether the plaintiff has proved any of these elements is for the jury to decide.

Reference:

IDJI 9.01 – Damage instruction for injuries to plaintiff – general case.  Omitted language in sentence 2 regarding future medical care and sentences 3-5 regarding lost earning, future lost earning capacity, necessary services as inapplicable in this case.

**14)**                            <u>**Plaintiff's Proposed Instruction No. 14**</u>

<u>**Economic damages. Medical care and related expenses**</u>

Economic damages include reasonable and necessary expenses for medical care and other related expenses incurred in the past. In this case the parties have stipulated that Plaintiff incurred $13,212.93 in medical expenses and that those medical expenses were reasonable and necessary.

**DEFENDANT'S OBJECTION**:      This instruction is not necessary.  The jury does not need to be instructed on the definition of economic damages where the parties have stipulated to that amount.  Defendant's Proposed Instruction Number 2 discusses the stipulation and outlines the stipulation and medical bills, and a second instruction on this point is not necessary.

**Defendant's Proposed Instruction**

DEFENDANT'S INSTRUCTION NO. 2

A stipulation is an agreement. Unless I instruct you otherwise, when the lawyers on both sides stipulate or agree to a fact, you must accept the stipulation as evidence and regard that fact as proved.

The parties have stipulated to the following:

1)      That the subject accident caused plaintiff Taylor Harper to suffer past medical expenses, scarring, disfigurement and numbness as described in plaintiff's medical records.  The parties further stipulate that said injuries required medical treatment and care in the amount of $13,212.93.  The amount, if any, of non-economic damages is not a part of this stipulation.

2)      By entering into said stipulation, Mr. Tveter does not stipulate to liability or fault, meaning Mr. Tveter does not stipulate that he owed Mr. Harper a legal duty or that he

breached any legal duty owed to Mr. Tveter.  Nor does Mr. Tveter, by entering into this

stipulation, admit he is liable for the $13,212.92 in medical expenses Mr. Harper incurred.  This

stipulation only means that Mr. Harper's accident caused the injuries he complains of, not that

Mr. Tveter is the cause of the accident.  Liability and fault shall be decided at trial, as well as the

amount, if awardable, of non-economic damages.

Since the parties have agreed on these facts, you must accept them as true for

purposes of this case.

Reference:
MUJI 2d CV 124, Stipulated facts; MUJI 1st Instruction 1.3; 1.4; *See* Stipulation of the Parties
Regarding Causation, Economic Damages and Medical Doctors.

Committee Notes
This instruction should be given at the time a stipulated fact is entered into the record.

15)                    **Plaintiff's Proposed Instruction No. 15**

**Causation**

Both Plaintiff and Defendant agree that Plaintiff's injuries were caused by the collision with the debris in Defendant's truck.  The parties still dispute who was at fault for the collision.

**DEFENDANT'S OBJECTION:**      This instruction is not necessary and could lead to confusion.  Defendant's Proposed Instruction Number 2 discusses the stipulation and outlines the stipulation and explains the issues of causation, and a second instruction on this point is not necessary.  Moreover, defendant objects to the word "debris" as a mischaracterization of the facts where it is in fact a ridge cap/drip edge.

16)                    <u>**Plaintiff's Proposed Instruction No. 16**</u>

<u>**Collateral source payments**</u>

You shall award damages in an amount that fully compensates Taylor Harper. Do not speculate on or consider any other possible sources of benefit Taylor Harper may have received. After you have returned your verdict, I will make whatever adjustments may be appropriate.

**DEFENDANT'S OBJECTION:**     The parties' have stipulated to an instruction on this issue, which specifically discusses just non-economic damages as economic damages are not at issue in the case.

**Defendant's Proposed Instruction:**

JOINT INSTRUCTION NO. 32

You shall award non-economic damages in an amount that fully compensates Taylor Harper.  Do not speculate on or consider any other possible sources of benefit Taylor Harper may have received.  After you have returned your verdict, I will make whatever adjustments may be appropriate.

Reference:
MUJI 2d CV 2024, inserted word "non-economic" before damages.

**17)**                     **Plaintiff's Proposed Instruction No. 17**

**Arguments of counsel not evidence of damages**

You may consider the arguments of the attorneys to assist you in deciding the amounts of damages, but their arguments are not evidence.

**DEFENDANT'S OBJECTION:**     Defendant does not object.  This is part of the parties' stipulated set.  *See* Joint Instruction No. 30.

18)                              **Plaintiff's Proposed Instruction No. 18**

                          **Plaintiff Lawfully Riding Bicycle In Street**

            Plaintiff Taylor Harper was lawfully riding his bicycle in the street.

**DEFENDANT'S OBJECTION:**     Defendant objects to this Instruction as a misstatement of

the law in Idaho.  Whether the plaintiff was "lawfully" riding goes to the heart of this case and

states a legal conclusion not proven in the case.  Defendant contends plaintiff was not "lawfully"

riding and violated several statutes.  Defendant agrees that a bicycle rider can be on the roadway

and when he is on the roadway, he must follow the rules of the road for bike riders.  Defendant

has proposed a jury instruction which specifically discusses this issue, as the jury should be

informed about the plaintiff's duties when he is riding on the roadway.  Idaho Code §49-714(2)[1]

specifically discusses when a bicycle riders can be on the roadway and what duties apply.  The

Rexburg Ordinance, 10.11.030[2] is a further statement of this contention.  Moreover, the Rexburg

ordinances specifically state that the ordinances are "not intended to replace State Law as it

applies to the use of bicycles upon public rights-of-way except as specifically set forth…" and

further notes Title 49, Idaho Code and states that: "[e]very person riding a bicycle upon a

---

[1] I.C. § 49-714. Traffic laws apply to persons on bicycles and other human-powered vehicles--Due care

    (1) Every person operating a vehicle propelled by human power or riding a bicycle shall have all of the rights and all of the duties applicable to the driver of any other vehicle under the provisions of chapters 6 and 8 of this title, except as otherwise provided in this chapter and except as to those provisions which by their nature can have no application.

    (2) Every operator or rider of a bicycle or human-powered vehicle shall exercise due care.

[2] Rexburg City Ordinance states:
    A.  No person shall operate a bicycle on a roadway against the flow of motorized traffic, except where specifically authorized by official signs or markings.
    B.  Every person operating a bicycle on a two-way roadway shall be entitled to use the right-hand lane and shall proceed in the same direction as the other vehicles in that lane.
    C.  The operator of a bicycle traveling at a rate of speed which delays a vehicle following in the same lane shall be required, when it is unlawful or unsafe for the following vehicle to pass, to move as far to the right of the roadway as is safe under existing conditions.  Rexburg Ordinance 10.11.030.

roadway, public parking lot, sidewalk, bike lane or shared use path in the City of Rexburg shall

be granted the same rights and shall be subject to the same responsibilities applicable to a motor

vehicle operator…"  *See* Rexburg Ordinance 10.11.020(A)-(B).

Finally, in Idaho, "[i]t is generally held that in civil actions for damages, where

injury occurs as a proximate result of a violation of a statute enacted for the protection of

motorists, such violation constitutes negligence per se."  *Bale v. Perryman*, 380 P.2d 501 (Idaho

1963)(other citations omitted); *see also  Dawson v. Olson, et al.*, 496 P.2d 97 (Idaho 1972);

*Johnson v. Emerson*, 647 P.2d 806 (Idaho App. 1982); *Griffith v. Schmidt*, 715 P.2d 905 (Idaho

1986). Defendant has submitted several jury instructions with statutes which apply to the

plaintiff's conduct in this case, and to violate such statutes is negligence per se.  Defendant's

proposed instruction is a more concise statement of the law and should cover the plaintiff's

contention that he can ride on the roadway.

**Defendant's Proposed Instruction:**

DEFENDANT'S INSTRUCTION NO. 8

There was a certain statute in force in the state of Idaho at the time of the

occurrence in question which provided that:

Every person operating a bicycle shall have all of the rights and duties

applicable to the driver of any other vehicle.  Every operator or rider of a

bicycle shall exercise due care.

A violation of the statute is negligence.

Reference:
IDJI 2.22 - Violation of statute or ordinance – negligence per se;
    I.C. § 49-714(2)
   -   Language outlining excuses deleted as not applicable in this case.

**19)**          <u>**Plaintiff's Proposed Instruction No. 19**</u>

<u>**Defendant's Burden**</u>

In this case, the defendant has alleged that the plaintiff was negligent.  On this defense, the defendant has the burden of proof on each of the following propositions:

(1) The plaintiff was negligent; and

(2)  The negligence of the plaintiff was a proximate cause of [his/her] own injuries.

You will be asked the following question on the jury verdict form: "Was the plaintiff negligent, and if so was the plaintiff's negligence a proximate cause of [his/her] injuries?" If you find from your consideration of all the evidence that each of these propositions has been proved, you should answer this question "Yes."  However, if you find that any of these propositions has not been proved, then the defendant has not met the burden of proof required and you should answer this question "No."

**DEFENDANT'S OBJECTION:**  No objection, as long as it is read in conjunction with defendant's proposed instruction number 12 discussing plaintiff's burden of proof and removes the brackets so it simply states "his".

**Defendant's Proposed Instruction:**

DEFENDANT'S INSTRUCTION NO. 12

The plaintiff has the burden of proof on each of the following propositions:

5.  The defendant was negligent.

6.  The plaintiff was injured.

7.  The negligence of the defendant was a proximate cause of the injury to the plaintiff.

8.  The elements of damage and the amounts thereof.

You will be asked the following question on the jury verdict form:

Was the defendant negligent, and if so, was the negligence a proximate cause of the injuries to the plaintiff?

If you find from your consideration of all the evidence that each of these propositions has been proved, you should answer this question "Yes."  However, if you find that any of these propositions has not been proved, then the plaintiff has not met the burden of proof required and you should answer this question "No."

DATED this __27th__ day of August, 2015.

TRYSTAN SMITH & ASSOCIATES
/S/ TAJHA L. FERRARA
Tajha L. Ferrara
Trystan Smith
*Attorneys for Defendant Michael Tveter*
136 South Main, Suite 520
Salt Lake City, UT 84101
mtst.law-slccourtefiling.042o18
@statefarm.com
Bar No. 10631
(801) 257-7200

## CERTIFICATE OF E-FILING

I hereby certify that on the __27th____ day of August, 2015, I served a true and correct copy

of the foregoing **MR. TVETER'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY**

**INSTRUCTIONS** by electronic filing to the following:

>Rachel L. Sykes
>Robert B. Sykes
>Robert B. Sykes & Associates
>311 South State Street, #240
>Salt Lake City, UT 84111
>
>United States District Court District of Utah
>Central Division
>350 South Main Street, Rm 150
>Salt Lake City, UT 84101-2180

>/s/ Sarah L. Gurske
>Sarah L. Gurske