Tajha L. Ferrara, Bar No. 10631
Trystan Smith, Bar No. 08035
Trystan Smith & Associates
136 South Main Street, Suite 520
Salt Lake City, UT 84101
Telephone:   (801) 257-7200
Facsimile:    (801) 257-7215
Attorneys for Defendant Michael Tveter
Employees of the Corporate Law Department
State Farm Mutual Automobile Insurance Company

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TAYLOR HARPER,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>            Defendant. | **REPLY IN SUPPORT OF MR. TVETER'S JURY INSTRUCTIONS**<br><br><br>CASE: 2:13-cv-00889<br>Judge Ted Stewart |

Defendant, by and through counsel of record, files this brief Reply in Support of Mr. Tveter's Jury Instructions.

### I.     THE JURY SHOULD BE INSTRUCTED ON THE DUTY TO MAINTAIN A PROPER LOOKOUT.

Defendant's jury instruction number 9 is the jury instruction on keeping a proper lookout. "The law requires all drivers to keep a lookout for other vehicles." *Smith v. Angell*, 830 P.2d 1163, 1166 (Idaho 1992); (*citing Robinson v. Westover*, 620 P.2d 1096, 1098 (Idaho 1980)("Person operating motor vehicle has duty to keep proper lookout."; *Munson v. State, Dept. of Highways*, 531 P.2d 1174, 1176-1177 (Idaho 1975) ("[D]river of automobile is held to have

notice of that which is plainly visible on highway before him."); *Drury v. Palmer*, 375 P.2d 125, 128 (1962) ("It is not only the duty of the operator to look, but it is his duty to see and be cognizant of that which is plainly visible or obviously apparent, and a failure on his part in this regard, without proper justification or reason, makes him chargeable for failure to see what he should have seen had he been in the exercise of reasonable care.").) Idaho Code § 49-917 indicates that a bicycle rider "shall have all of the rights and duties applicable to the driver of any other vehicle." Thus, a bicycle on the roadway must follow the rules applicable to drivers, including keeping a proper lookout.

In *Smith v. Angell*, the court noted that it was a question for the jury as to whether the plaintiff, who was on a motorcycle, was keeping a proper lookout so as to see a pickup truck entering the highway in front of him. 830 P.2d 1163, 1167 (Idaho 1992). The Court noted that the giving of a dead man's presumption instruction was error and that a properly instructed jury may well have allocated some negligence to the plaintiff "upon the circumstantial evidence that he 'is held to have notice of that which is plainly visible on the highway before him.'" 830 P.2d 1163, 1167 (*citing Munson v. State, Dept. of Highways*, 531 Pl.2d 1174, 1176-77 (1975)(noting that repair site on highway was clearly visible from a considerable distance and refusing to find that failure to erect yellow warning signs was an actual cause of plaintiff's death where there was no finding that the signs would have provided more notice of the blocked highway than did the obvious blockage itself )).

The statutes used in the Court's jury instruction number 30 are traffic statutes and do not discuss the above language, and do not adequately define what keeping a proper lookout is. The

failure to keep a proper lookout is a separate and distinct concept and is one of the primary legal theories put forth by the defendant. Idaho case law establishes that there is a duty to keep a proper lookout. At a minimum, there should be some instruction to the jury as to proper lookout and that a driver/bicycle on the roadway has the duty to maintain a proper lookout

    II.    **DEFENDANT REQUESTS THE LIMITED PURPOSE INSTRUCTION BE SUBMITTED TO THE JURY.**

The plaintiff requested the limited purpose evidence instruction. Defendant objected on the basis that there may not be evidence received for a limited purpose. Defendant now request that the instruction be submitted and has no objection to plaintiff's proposed Instruction No. 6. There may be limited purpose evidence presented by Dr. Jubal Hamernik. The proposed instruction is:

<u>**Limited purpose evidence**</u>

Some evidence is received for a limited purpose only. When I instruct you that an item of evidence has been received for a limited purpose, you must consider it only for that limited purpose.

    III.    **THE JURY SHOULD BE INSTRUCTED THAT MR. TVETER DID NOT VIOLATE IDAHO CODE § 49-913.**

The parties have agreed and the evidence has shown that the drip edge/ridge cap extended two (2) feet (8) eight inches from the bed of Mr. Tveter's truck. I.C. § 49-913 is clear and unambiguous and this fact has been proven. This Court should therefore instruct the jury, as outlined in Defendant's Instruction No. 6, that for purposes of their deliberation Mr. Tveter did not violate the statute. There has been no evidence or testimony to the contrary, and this is a matter within the discretion of the Court.

DATED this __1__ day of September, 2015.

                                                         TRYSTAN SMITH & ASSOCIATES
                                                        /S/ TAJHA L. FERRARA
                                                        Tajha L. Ferrara
                                                        Trystan Smith
                                                        Attorney for Defendant Michael Tveter
                                                        136 South Main, Suite 520
                                                        Salt Lake City, UT 84101
                                                        mtst.law-slccourtefiling.042o18
                                                        @statefarm.com
                                                        Bar No. 10631
                                                        (801) 257-7200

## CERTIFICATE OF E-FILING

I hereby certify that on the 1st day of September, 2015, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MR. TVETER'S JURY INSTRUCTIONS** by electronic filing to the following:

>Rachel Sykes
>Robert B. Sykes
>Robert B. Sykes & Associates
>311 South State Street, #240
>Salt Lake City, UT 84111

>/s/ *Cambrie A. Marler*
>Cambrie A. Marler