ROBERT B. SYKES (#3180)
    bob@sykesmcallisterlaw.com
RACHEL L. SYKES (#11778)
    rachel@sykesinjurylaw.com
**SYKES McALLISTER LAW OFFICES, PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah  84111
Telephone (801) 533-0222
Facsimile (801) 533-8081
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| TAYLOR HARPER, | **MEMORANDUM CONFIRMING ORDER IN LIMINE PERMITTING CROSS-EXAMINATION OF DR. HAMERNIK'S PECUNIARY INTEREST AND BIAS IN FAVOR OF STATE FARM** |
| Plaintiff, | |
| vs. | |
| MICHAEL TVETER, | |
| | Civil No. 2:13-cv-889 |
| Defendant. | |
| | Judge Ted Stewart |

[This Motion confirms the oral notice and Motion made in open court on August 31, 2015.]

Plaintiff moved the Court in limine as follows:

## MOTION

1. For an Order, pursuant to Rule 411, Fed.R.Evid., permitting Plaintiff to cross-examine Defense expert Jubal Hamernik regarding his potential bias and pecuniary interest based on the high percentage of expert testimony for State Farm Insurance Company, which also insures the Defendant in the case at bar.

## MEMORANDUM IN SUPPORT

### Argument

Defendant's expert witness, Jubal Hamernik, routinely is hired by and extensively testifies for defendants who are insured by State Farm Insurance Company. He related in his deposition in this case:

> A ...about 80 to 90 percent of the work that comes across my desk is for defense.
> Q  Okay. Now, how much work have you done for Trystan Smith's office in the past?
> A  Again, I don't track cases by carrier or by law firm. I track it by party names. I think -- That being said, ***I'd estimate that I've worked for his office for maybe three years -- two or three years, something like that, and an estimate is maybe half a dozen cases a year that I've work [sic] on.***

Hamernik Depo. 5:5-15 (emphasis and parenthetical added). "Half a dozen" a year for Mr. Smith means these are all State Farm cases, since Mr. Smith runs a "captive" State Farm law firm. Further, based on Plaintiff's investigation, in 2012 alone Dr. Hamernik served as an expert for State Farm nineteen (19) times out of 22 defense cases. *See* Exhibit 1, 2012 Cases with Jubal Hamernik as Expert Witness. Exhibit 1 shows that in

2012, 92% of Dr. Hamernik's work was for defendants, and of that defense work, 83% was specifically for State Farm Insurance Company. In other words, 76% of all of his work as an expert witness in 2012 was specifically for State Farm Insurance Company.

More currently, Dr. Hamernik is scheduled to testify as an expert in support of State Farm *next week* in the Second District before Judge DeCaria in Case No. 110905839. The defense attorneys in that case are the same as in the case at bar.

Plaintiff should be able, in the sound discretion of the Court[1], to cross-examine Hamernik on his close association with, and the majority of his workload as a retained expert for, State Farm. The purpose of the requested cross-examination in this case is to raise the question of this witness's credibility and show Hamernik's pecuniary interest and potential bias. Such testimony is specifically admissible pursuant to Fed.R.Evid. 411.

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But ***the court may admit this evidence*** for another purpose, such as ***proving a witness's bias or prejudice*** or proving agency, ownership, or control.

Fed.R.Evid. 411 (emphasis added). Rule 611 also permits such questioning on cross:

> **Scope of Cross-Examination.** Cross-examination should not go beyond the subject matter of the direct examination ***and matters affecting the***

---

[1] "The scope and limits of cross-examination of a witness for bias are within the sound discretion of the trial court..." *Garcia v. Mekonnen*, 156 P.3d 1171, 1173 (Colo. App. 2006)

> *witness's credibility.* The court may allow inquiry into additional matters as if on direct examination.

Fed.R.Evid. 611(b) (emphasis added).

Courts have allowed such questioning on cross-examination of experts where there was considerably less of a "substantial connection" to a defendant's insurer than we have in this case. For example, in *Yoho v. Thompson*:

> We adopt the substantial connection analysis and conclude ***the connection between Dr. Brannon and Nationwide was sufficient to justify admitting evidence of their relationship to demonstrate Dr. Brannon's possible bias in favor of Nationwide.*** ... Dr. Brannon consulted for Nationwide in other cases and gave lectures to Nationwide's agents and adjusters. ***Ten to twenty percent of Dr. Brannon's practice consisted of reviewing records for insurance companies, including Nationwide.***

*Yoho v. Thompson*, 345 S.C. 361, 366, 548 S.E.2d 584 (2001).

Additionally, Dr. Hamernik has testified in this case that he has had his deposition taken "over 200" times.[2] For such a prolific expert witness with such a vast majority of cases testifying in favor of State Farm, Hamernik's connection to Defendant Tveter's insurer is decidedly substantial. Accordingly, such evidence is sufficiently probative to outweigh any prejudice to the Defendant in this matter. *See also Brantley v. Sears Roebuck & Co.*, 959 S.W.2d 927, 929 (Mo. App. 1998) (expert testified over 150 times for insurer).

---

[2] Hamernik Depo. 4:8-13.

## CONCLUSION

Based on the foregoing, the Court's oral ruling to permit cross-examination regarding Hamernik's pecuniary interest and bias in favor of Defendant's insurer was correct.

DATED this 1st day of September, 2015.

**SYKES McALLISTER LAW OFFICES, PLLC**

 /s/ *Robert B. Sykes*
ROBERT B. SYKES
RACHEL L. SYKES
*Attorneys for Plaintiff*

Q:\CLIENT\2183 Harper,Taylor\12. T\12.11 MILs\12. P's MIL to permit Hamernik bias info\150831.P's ConfirmingMM re Hamernik bias.wpd

-5-