ROBERT B. SYKES (#3180)
    bob@sykesmcallisterlaw.com
RACHEL L. SYKES (#11778)
    rachel@sykesinjurylaw.com
**SYKES McALLISTER LAW OFFICES PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah  84111
Telephone (801) 533-0222
Facsimile (801) 533-8081
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | | |
|---|---|---|
| TAYLOR HARPER, | ) | **PLAINTIFF'S OBJECTIONS** |
| | ) | **TO FINAL JURY ISNTRUCTIONS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 2:13-cv-889 |
| | ) | |
| MICHAEL TVETER, | ) | |
| | ) | Judge Ted Stewart |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff hereby OBJECTS to the Court's Final Instructions as follows:

    **1.**    **Instruction No. 30.  Objection.**  First, this instruction should be separated into three instructions. It is confusing and overwhelming for the jury to have this instruction given as is.

    Second, the Idaho flagging statute clearly does not apply to the facts of this case it is error to give this instruction to the jury. Plaintiff's arguments are fully briefed in Plaintiff's Motion in Limine No. 9, Doc 76.  In short, the subject statute applies to vehicles moving along the roads and highways, and it does not apply to parked vehicles. The omitted portions of the statute makes that clear. It is therefore irrelevant to the safety and negligence questions at issue in this case.  Claiming

that Mr. Tveter may have been in conformance with this statute is inapplicable to the circumstances of this case, and would be unfairly prejudicial to Plaintiff. It has little probative value, if any, in determining whether Tveter was reasonably careful in the circumstance, and the value of its inclusion would be substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury (rules 401, 402, 403).

If this instruction is to be given, a secondary instruction must be given that says the following: "The fact that a flag was not required under this statute does not address the issue of negligence in this case."

Finally, in respect to the last portion of the instruction, it is misleading where it states that "every operator or rider of a bicycle shall exercise "due care." This is not the law of the case and misstates the law of negligence. Plaintiff Taylor Harper was only required to exercise ordinary care. This should either be omitted or replaced with "ordinary care." Otherwise it will be confusing, misleading to the jury and prejudicial to Plaintiff.

DATED this 1st day of September, 2015.

        **SYKES McALLISTER LAW OFFICES, PLLC**

        /s/ Rachel L. Sykes
        ROBERT B. SYKES
        RACHEL L. SYKES
        *Attorneys for Plaintiff*