Tajha L. Ferrara, Bar No. 10631
Trystan Smith, Bar No. 08035
Trystan Smith & Associates
136 South Main Street, Suite 520
Salt Lake City, UT 84101
Telephone:   (801) 257-7200
Facsimile:    (801) 257-7215
*Attorneys for Defendant Michael Tveter*
Employees of the Corporate Law Department
State Farm Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TAYLOR HARPER,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>        Defendant. | **MR. TVETER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S ORAL MOTION TO IMPEACH DR. HAMERNIK WITH EVIDENCE OF INSURANCE**<br><br>CASE: 2:13-cv-00889<br><br>Judge Stewart |

**I.  PLAINTIFF'S 2012 LIST OF TRIALS AND DEPOSITIONS NOT ONLY LACKS AUTHENTICITY, BUT FAILS TO REFLECT A CURRENT BIAS OR AN ALLEGED AN EMPLOYMENT RELATIONSHIP BETWEEN DR. HAMERNIK AND STATE FARM.**

Dr. Hamernik testified in his deposition and will also testify at trial that he does not track cases by insurance carrier or law firm.  The question, therefore, is how and who is going to authentic plaintiff's alleged evidence as true and authentic?  Plaintiff's bald assertion that he conducted research should not be enough to violate Rule 411.  Even if plaintiff could authenticate the list, a 2012 trial and deposition list is too tenuous a connection to have any probative value to the opinions rendered more than 2 years later.  This office contacted Dr. Hamernik concerning this

case on October 30, 2014.  Plaintiff has not shown or mentioned how Dr. Hamernik's 2012 work connects to this specific case or any pecuniary interest on or after October 30, 2014.

Rules 613 and 403 should govern here.  Rule 613(a) provides:

> *Showing or Disclosing the Statement During Examination*.  When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney.

Rule 613(b) provides:

> *Extrinsic Evidence of a Prior Inconsistent Statement*.  Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."

If bias or facts suggesting bias are to be shown by a prior statement of a witness, plaintiff has to lay a proper foundation by questioning Dr. Hamernik about the statement before proving it through either another witness or extrinsic evidence.  Dr. Hamernik did not create plaintiff's 2012 document.  Plaintiff did not identify who did.  But in any case, it is not Dr. Hamernik's prior statement.  Therefore, it should be admitted.

## II.  THE DANGER OF UNFAIR PREJUDICE FAR OUTWEIGHS ANY PROBATIVE VALUE.

This Court is not obligated to admit all evidence relative to bias.  Admission of such evidence is still governed by Rule 403.[i]  Work performed 3 years ago does not reflect a current pecuniary interest.  It certainly does not warrant identifying the defendant's insurer in Dr. Hamernik's cross examination.  Substantial prejudice would come to Mr. Tveter, who already lost

the opportunity to question the venire panel about adverse relationships to and with State Farm, if such evidence was anticipated.

### III. PLATINTIFF DOES NOT NEED TO IDENTIFY STATE FARM TO ESTABLISH EVIDENCE OF BIAS.

If the Court is inclined to allow plaintiff to examine Dr. Hamernik regarding the amount of compensation he receives from insurance companies, the plaintiff need not identify any specific insurance company to show evidence of bias. More importantly, plaintiff need not identify an insurance company at all to show evidence of bias. Like many, if not all, cases involving personal injuries or accident reconstruction, similar experts are cross-examined by using the phrase or term "defense work." Use of the phrase "defense work" would have the same effect, showing bias without unfairly prejudicing Mr. Tveter. Therefore, Mr. Tveter respectfully requests if the Court allows cross-examination on this point that plaintiff be strictly limited to the use of the term "defense work" instead of insurance.[ii]

DATED this 1st day of September, 2015.

TRYSTAN SMITH & ASSOCIATES

/S/ TRYSTAN SMITH
Tajha L. Ferrara
Trystan Smith
*Attorney for Defendant Michael Tveter*
136 South Main, Suite 520
Salt Lake City, UT 84101
mtst.law-slccourtefiling.042o18
@statefarm.com
Bar No. 10631
(801) 257-7200

## CERTIFICATE OF E-FILING

I hereby certify that on the 1st day of September, 2015, I served a true and correct copy of the foregoing **MR. TVETER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S ORAL MOTION TO IMPEACH DR. HAMERNIK WITH EVIDENCE OF INSURANCE,** by electronic filing to the following:

> Rachel L. Sykes
> Robert B. Sykes
> Robert B. Sykes & Associates
> 311 South State Street, #240
> Salt Lake City, UT 84111

*/s/ Cambrie A. Marler*
Cambrie A. Marler

---

[i] MUELLER & KIRKPATRICK, EVIDENCE § 6.33 (1995)

[ii] If plaintiff were just to identify State Farm, the jury by inference would assume State Farm is Mr. Tveter's insurer. Discussing random insurance companies would not help the matter.