IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER PERMITTING CROSS-EXAMINATION OF DR. HAMERNIK'S PECUNIARY INTEREST AND BIAS<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's oral Motion in Limine regarding cross-examination of Defendant's expert witness, Dr. Hamernik, for bias and pecuniary interest. Plaintiff made his Motion in open Court on August 31, 2015. The Court granted Plaintiff's Motion subject to any objection supported by legal authority by Defendant. On September 1, 2015, Plaintiff submitted a written Motion and Defendant submitted his Response.

In his Motion, Plaintiff alleges that Dr. Hamernik "routinely is hired by and extensively testifies for defendants who are insured by State Farm Insurance Company."[1] Plaintiff further alleges that in 2012, Dr. Hamernik served as an expert for State Farm Insurance Company in 19 out of the 22 defense cases in which he was involved. Plaintiff attached to his Motion a chart illustrating that 92% of Dr. Hamernik's work was for defense work, and of that defense work, 83% was specifically for State Farm Insurance Company.[2]

---

[1] Docket No. 133, at 2.

[2] Docket No. 133-1.

1

In his Response, Defendant challenges the authenticity of Plaintiff's exhibit. Defendant further argues that the chart from 2012 does not reflect current pecuniary interest and provides too tenuous a connection to his insurer or law firm to have any probative value that would be outweighed by unfair prejudice.

A majority of jurisdictions allow insurance evidence to show bias in cases where a "substantial connection" exists between a witness and the insurance industry.[3] "The substantial connection analysis looks to whether a witness has a sufficient degree of connection with the liability insurance carrier to justify allowing proof of this relationship as a means of attacking the credibility of the witness."[4]

Some jurisdictions have found that a substantial connection existed where "an expert was employed by and consulted for an insurance company and 10-20% of the expert's practice consisted of reviewing records for insurance companies, and where an expert was employed by a consulting firm that derived roughly 30% of its income from insurance companies."[5] Further, "[w]here an expert witness has significant ties to the insurance industry as indicated by receiving a sizable portion of his or her income from insurance work, being hired by a firm that derives a large portion of its income from insurance companies . . . the probative value of that substantial connection is likely to outweigh the danger of unfair prejudice."[6]

In considering Plaintiff's Motion, the Court will permit counsel to cross-examine Dr. Hamernik for bias and pecuniary interest based on his work for State Farm. Such evidence is not

---

[3] *Bonser v. Shainholtz*, 3 P.3d 422, 425 (Colo. 2000).

[4] *Id.* (citation and internal quotations omitted).

[5] *Ray v. Draeger*, No. S-15347, 2015 WL 4381087, at *4 (Alaska July 17, 2015).

[6] *Id.* at *6.

excludable under Federal Rules of Evidence 411 and 403.  However, Plaintiff's examination of Dr. Hamernik will be restricted to referencing the insurance industry generally and not State Farm Insurance Company specifically.  Any exhibit Plaintiff may seek to introduce must be supported by a proper foundation and will be subject to the limitations of Federal Rule of Evidence 403.

It is therefore

ORDERED that Plaintiff's Motion in Limine is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED this 2nd day of September, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge