IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR HARPER,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL TVETER,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER ON PARTIES' OBJECTIONS TO THE COURT'S PROPOSED JURY INSTRUCTIONS<br><br><br>Case No. 2:13-CV-889 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the parties' objections to jury instructions.

A. DEFENDANT'S OBJECTIONS

Defendant objects to the Court's proposed jury instructions in three respects: (1) that the jury should be instructed on the duty to maintain a proper lookout independent from the statutes listed in Instruction No. 30; (2) that the "limited purpose evidence" instruction be included; and (3) that the jury should be instructed that Mr. Tveter did not violate Idaho Code § 49-913.

1. "Proper lookout" Instruction

Defendant's Proposed Jury Instruction No. 9 instructs the jury,

> You are instructed that in order to keep a proper lookout, a bicyclist on the roadway must do more than merely look; it is his duty to see and be cognizant of what is in plain view or obviously apparent, and he is chargeable with seeing what he should have seen, but not with what he could not have seen in the exercise of ordinary care.

The Court's Proposed Jury Instructions omit Defendant's No. 9 instruction because the substance of the instruction is covered in the Court's Instruction Nos. 28, 29, and 30. Instruction

1

No. 28 provides the definition of "negligence." Instruction No. 29 states, "It was the duty of both plaintiff and defendant, before and at the time of the occurrence, to use ordinary care for the safety of both themselves and each other." Finally, Instruction No. 30 includes two statutes referring to the proper conduct of a bicyclist and states, "Every operator or rider of a bicycle shall exercise due care."

In *Hennefer v. Blaine County School District*,[1] the Idaho Supreme Court recently stated that "[r]epititious instructions are improper if the effect is to give undue emphasis to a particular theory."[2] "In all but the most intricate negligence cases, the general definition of negligence sufficiently outlines the required standard of care."[3] In *Hennefer*, the court upheld the trial court's decision not to use a proper lookout instruction and instead use only the general negligence instructions from the Idaho pattern jury instructions. The court found that those instructions fairly and adequately covered the plaintiff's duty of care and an additional instruction on the plaintiff's duties would have been unnecessarily repetitive and place undue emphasis on the plaintiff's duties over the defendant's duties.[4] The court explained that the case was not so intricate as to require additional instructions amplifying the general standard of care.[5]

The Court will exclude Defendant's "Proper Lookout" Instruction because the lookout duty is adequately covered by other instructions and an additional instruction on the matter

---

[1] 158 Idaho 242, 270 (2015).
[2] *Id*.
[3] *Id*.
[4] *Id*. at 271–72.
[5] *Id*.

would be unnecessarily repetitious and place undue emphasis on Mr. Harper's duties over Mr. Tveter's duties.

2. "Limited Purpose Evidence" Instruction

Defendant requests the inclusion of Plaintiff's Proposed Instruction No. 6, which provides,

> Some evidence is received for a limited purpose only. When I instruct you that an item of evidence has been received for a limited purpose, you must consider it only for that limited purpose.

This language was included in the Court's Instruction No. 2, which states in relevant part, "If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction." Therefore, the Court will not repeat this instruction to the jury.

3. Idaho Code § 49-913.

Defendant requests the Court instruct the jury that Mr. Tveter did not violate Idaho Code § 49-913. The Court's Proposed Jury Instruction No. 30 includes Idaho Code § 49-913, § 49-717, and § 49-714, and instructs that "a violation of any of these statutes is negligence." This is a neutral instruction and further instruction is unnecessary.

B. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Court's Proposed Jury Instruction No. 30 in three respects. First, Plaintiff argues that including all three statutes in one instruction is confusing and overwhelming for the jury. The Court will maintain the instruction as is.

Second, Plaintiff argues that Idaho Code § 49-913 should not be included as part of the jury instructions because of its inapplicability to parked vehicles. This issue has already been addressed in the Court's Order on Plaintiff's Motion in Limine to Exclude Any Testimony About Idaho Code § 49-913.[6] The Court denied Plaintiff's Motion and found that Idaho Code § 49-913 is not inapplicable to parked vehicles. Idaho Code §49-913 will remain in Instruction No. 30.

Plaintiff alternatively requests that if the Idaho Code § 49-913 instruction is given, that this secondary instruction follow: "The fact that a flag was not required under this statute does not address the issue of negligence in this case."

As set forth above, the instruction on Idaho Code § 49-913 in Instruction No. 30 is a neutral instruction and further instruction is unnecessary.

Finally, Plaintiff argues that the language in Instruction 30 stating that "every operator or rider of a bicycle shall exercise 'due care'" is misleading because it misstates the law of negligence. Plaintiff suggests that he is only required to exercise "ordinary care" not "due care." However, Plaintiff has not provided any legal support to show a meaningful difference between the two phrases. Moreover, the language is taken directly from Idaho Code § 49-714. Accordingly, the Court will maintain Instruction 30 as is.

---

[6] Docket No. 123.

It is therefore

ORDERED that the parties' objections to the Court's Jury Instructions are OVERRULED.

DATED this 2nd day of September, 2015.

                    BY THE COURT:

                    _____
                    Ted Stewart
                    United States District Judge