ROBERT B. SYKES (#3180)
    bob@sykesmcallisterlaw.com
RACHEL L. SYKES (#11778)
    rachel@sykesinjurylaw.com
**SYKES McALLISTER LAW OFFICES PLLC**
311 South State Street, Suite 240
Salt Lake City, Utah  84111
Telephone (801) 533-0222
Facsimile (801) 533-8081
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| TAYLOR HARPER, | **PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM TO STRIKE DEFENDANT'S BILL OF COSTS, OR ALTERNATIVELY, TO DENY NONTAXABLE COSTS** |
| Plaintiff, | |
| vs. | |
| MICHAEL TVETER, | |
| Defendant. | Civil No. 2:13-cv-889<br>Judge Ted Stewart |

Pursuant to F.R.Civ.P. 7(b), 28 U.S. Code § 1920, and DUCivR 54-2, Plaintiff Taylor Harper, through counsel, respectfully submits this MOTION AND SUPPORTING MEMORANDUM TO STRIKE DEFENDANT'S BILL OF COSTS, OR ALTERNATIVELY, TO DENY NONTAXABLE COSTS as follows:

## MOTION

Plaintiff moves the Court as follows:

1.    For an Order striking Defendant's "Verified Memorandum of Costs"; and

2.      For an Order directing each Party to bear its own costs; or

3.      In the alternative, for an Order denying costs submitted by Defendant that are statutorily or otherwise impermissible; and

4.      For such other and further relief as the Court deems just and proper in the circumstances.

## LEGAL STANDARDS

"[T]he district court's power to grant costs is discretionary…" *Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.,* 243 F.3d 1232, 1254 (10th Cir. 2001).  But "the court's discretion is limited to awarding costs that are within the scope of 28 U.S.C. § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987).

Also, "[t]his Court's conclusion is in keeping with the *narrow bounds* of taxable costs, which are *limited* by statute and *modest* in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S.Ct. 1997, 1999 (2012) (emphasis added).

## MEMORANDUM IN SUPPORT

### A.      Defendant's Bill of Costs Should Be Stricken.

Defendant's "Verified Memorandum of Costs" (Doc. 150) is out of compliance with Local Rule 54, which specifies:

> …the party entitled to recover costs *must* file a bill of costs on a form available from the clerk of court, a memorandum of costs, and a verification of bill of costs under 28 U.S.C. § 1924…

DUCivR 54-2(a) (emphasis added).  Defendant has not identified any portion of his submission for costs as a "bill of costs," and in any case, no part of Defendant's

submission utilized the bill of costs form available from the Court, as the Rule specifies. *See* Doc. 150, Defendant's Memo. of Costs.  Defendant's submission for costs does not comply with the Rule governing such submissions, and it should be stricken for such noncompliance.

Further, Rule 54-2(a) specifies three documents to be submitted by a prevailing party in order to recover costs; Defendant's request for costs consists of a single document (Doc. 150).  It should be stricken on that basis as well.

Lastly, 28 U.S.C. § 1924 specifies that a separate affidavit be attached to the Bill of Costs:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement **shall attach thereto** an affidavit...

28 U.S.C. § 1924 (emphasis added).  Defendant has not submitted a bill of costs using the Court's form, so a separate affidavit cannot be "attached thereto."  Nor is an affidavit separately submitted, but rather bunched together with Defendant's "Memorandum of Costs."  For any one of, or any combination of, the above bases, Plaintiff's instant Motion should be granted.

In summary, Defendant's "Verified Memorandum of Costs" does not comply with DUCivR 54-2(a), which specifies the proper procedure for a prevailing party to recover its costs.  Accordingly, Defendant's Memorandum of Costs should be stricken, and as a result, the Court should order each Party to bear its own costs.

B.      **In the Alternative**.

Defendant has itemized costs that are not permitted by 28 U.S.C. § 1920.

1.      **Defendant's Deposition Costs Include Impermissible**

**Fees.**  Defendant seeks the costs of entire court reporter invoices, which include costs

that are not allowable under 28 U.S.C. § 1920, as clarified in the following case:

> Plaintiff seeks the cost of entire court reporter invoices that include not
> only the cost of the deposition transcripts themselves, but also additional
> charges for such items as ***minuscripts, keyword indices, ASCII disks,
> exhibits, and postage and delivery. The court will disallow these charges***
> because they are for items for the convenience of counsel. . . . Thus, ***the
> court will limit plaintiff's taxable costs to the cost of one transcript for each
> deposition*** that the court is persuaded was reasonably necessary for
> plaintiff's trial preparation.

*Burton v. R.J. Reynolds Tobacco Co.,* 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005)

(emphasis added).  Defendant has listed five depositions and has asked for the costs of

the entire court reporter invoices for those depositions.  As initial deductions, such

invoices should be reduced by the following amounts, which lists items that are not

allowed by §1920:

a.      **Taylor Harper** (not allowed)

| Item | Cost |
|---|---|
| Depo. Exhibits | 6.60 |
| Colored Exhibits | 3.00 |
| CD | 5.00 |
| Postage & Handling | 15.00 |
| **TOTAL** | **29.60** |

**b.    Officer Maybee** (not allowed)

| Item | Cost |
|------|-----:|
| Videographer | 190.00 |
| Depo. Exhibits, Tabs | 6.35 |
| Shipping & Handling | 9.95 |
| **TOTAL** | **206.30** |

**c.    Michael Tveter** (not allowed)

| Item | Cost |
|------|-----:|
| Exhibits | 60.30 |
| Shipping & Handling | 15.00 |
| **TOTAL** | **75.30** |

**d.    Doyle Faughn** (not allowed)

| Item | Cost |
|------|-----:|
| Videographer | 150.00 |
| Depo. Exhibits | 2.25 |
| Shipping & Handling | 9.95 |
| **TOTAL** | **162.20** |

**e.    Hamernik-Himpsel** (not allowed)

| Item | Cost |
|------|-----:|
| Depo. Exhibits | 10.80 |
| Shipping & Handling | 15.00 |
| **TOTAL** | **25.80** |

As indicated in Defendant's submission for costs, Defendant paid for both

printed deposition transcripts and videotaping of the depositions for Officer Maybee and

Mr. Faughn. As included in the disallowable costs above, the videographer fees itemized for those deponents should be disallowed for the following reasons:

   • 28 U.S. Code § 1920(2) allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." A plain reading of this statute provides for one method of recording or the other, **but not both**; otherwise, the statute would have used "and/or" instead of just "or." Defendant paid for stenographically transcribed and printed transcripts of the subject depositions *and* videotaping of the same depositions. The additional costs of videotaping those depositions should be disallowed.

   • The videotapes of the subject depositions were not used at trial. The videotapes of the referenced depositions were therefore not necessarily incurred for use in the case. Accordingly, they should be disallowed.

   2.   **Inadequate Deposition Documentation.**   Further, the invoices provided by Defendant for court reporter deposition costs do not comport with Local Rule 54-2(a), which requires, *inter alia,* "[t]he memorandum of costs must (i) clearly and concisely itemize and describe the costs." The court reporter invoices for the depositions of Harper, Maybee, and Faughn list "original and one certified copy" at costs of $400.20; $175.00; and $98.00, respectively. But according to *Burton v. R.J. Reynolds*, *supra,* "the court will limit plaintiff's taxable costs to the cost of **one transcript for each deposition**" (emphasis added). Plaintiff, and presumably the Court, cannot determine what portion of these costs are attributable to "the cost of one transcript for each

deposition."  Such charges, then, should be disallowed on the ground of inadequate documentation and explanation.  This disallowance reduces Defendant's claimed costs for depositions by an additional **$673.20**.

             3.     <u>Defendant's Exemplication Costs Should be Disallowed</u>.

             a.     Defendant has claimed **$859.07** for "Exhibit Blow-ups and Foam Core Mounting."  This cost should be disallowed based on the following:

> Defendants' claim for $306.68 for foam-core board demonstratives and enlargements is disallowed. "The cost of preparing ... visual aids to be used as exhibits is allowable if such exhibits are *reasonably necessary to assist the jury or the Court in understanding the issues at the trial*." Civ. L.R. 54-3(d)(5) (emphasis added)... ***This content could have also been displayed electronically or printed and distributed to the jury and Court, and thus these demonstratives were not reasonably necessary to assist in understanding issues at trial.*** The Court declines to award this cost.

*Fowler v. California Highway Patrol,* 2014 WL 3965027, at *3 (N.D. Cal. 2014) (bolded emphasis added).  *See* Exhibit 1, attached.  Likewise, Defendant Tveter's use of excessively expensive demonstratives was simply unnecessary in the circumstance, given the more reasonable alternatives suggested in *Fowler*.  Further, the U.S. Supreme Court has clarified that:

> This Court's conclusion is in keeping with the narrow bounds of taxable costs, which are limited by statute and ***modest in scope.***

*Taniguchi,* 132 S.Ct. at 1999 (emphasis added).  Defendant's excessive and unnecessary claim for **$859.07** should be disallowed.

             b.     Defendant has claimed **$375** to pay for 3 hours of a technician's time at trial at $125 an hour, claiming such cost is authorized by 28 U.S.C.

§ 1920(4).  However, such cost is not authorized nor contemplated by § 1920(4), and simply invoking the word "exemplification" in describing this charge does not authorize such charge pursuant to the statute.  Here, Defendant is stretching the ordinary meaning of the term "exemplification" beyond any reasonable interpretation.  As the U.S. Supreme Court has clarified:

> Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920... Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators... Because taxable costs are limited by statute and are modest in scope, *we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920.*

*Taniguchi*, 132 S.Ct. at 2006 (emphasis added).  Accordingly, Defendant's claimed costs should be reduced by an additional **$375**.

4.    **Excessive Fees for Trial Attendance**.  Defendant paid witness fees of **$120** to Doyle Faughn to attend the trial for three days.  Faughn provided testimony during only a small portion of one day.  Faughn was a spectator, not a witness, for two of the days for which he was paid witness fees.  Such cost, or **$80**, should be disallowed as not necessarily incurred for use in the case since Faughn was not necessarily in attendance at trial for those two days.

5.    **Excessive Mileage Fee for Trial Attendance**.

Defendant claimed a **$134.96** cost associated with 241 miles of travel for witness Officer Maybee to attend trial.  Defendant claims the taxation of such cost is authorized by 28 USCA § 1921(b).  But § 1921(b) pertains only to U.S. Marshals.

Maybee is not a U.S. Marshal ("I'm a police officer for Rexburg City, Rexburg, Idaho, Madison County." Maybee Depo. 5:16-17). Accordingly, Defendant's total costs should be reduced by an additional **$134.96**.

<u>**SUMMARY AND CONCLUSION**</u>

Defendant's submission for costs is out of compliance with Local Rule 54 as well as 28 U.S.C. § 1924. Accordingly, such claim for costs should be stricken, or disallowed.

In the alternative, as supported by the points and authorities herein, many of Defendant's claimed costs are not permitted by 28 U.S.C. § 1920, and the following costs should be disallowed:

| Point No. | Cost Description or Reason to Disallow | Cost |
|-----------|----------------------------------------|------|
| B(1)(a-e) | Impermissible fees associated with depositions | 499.20 |
| B(2) | Inadequate deposition documentation | 673.20 |
| B(3)(a) | Foam board exemplification | 859.07 |
| B(3)(b) | "Exemplification" - hired technician | 375.00 |
| B(4) | Faughn unnecessary trial attendance | 80.00 |
| B(5) | Officer Maybee trial mileage | 134.96 |
| | **Total Costs to be Disallowed** | **$2,621.43** |

The only allowable costs amount to **$339.76.**

DATED this 30th day of September, 2015.

**SYKES McALLISTER LAW OFFICES, PLLC**

*/s/ Robert B. Sykes*

ROBERT B. SYKES
RACHEL L. SYKES
*Attorneys for Plaintiff*

Q:\CLIENT\2183 Harper, Taylor\12. T\12.17 D's BILL OF COSTS\150925 P's M to Strike or Reduce D's Costs.wpd