Case 2:13-cv-00889-TS   Document 151-1   Filed 09/30/15   Page 1 of 7
Fowler v. California Highway Patrol, Not Reported in F.Supp.2d (2014)

2014 WL 3965027

2014 WL 3965027
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Kathleen Ann Fowler, Plaintiff,
v.
California Highway Patrol, et al., Defendants.

Case No. 13–cv–01026–TEH | Signed August 13, 2014

Attorneys and Law Firms

Anthony Wayne Farrington, Lakeport, CA, Harry T. (Chip) Gower, III, Micah Charles Osgood, Susan J. Kawala, CA State Attorney General's Office San Francisco, CA, for Plaintiff.

Micah Charles Osgood, California State Attorney General's Office, San Francisco, CA, Anthony Wayne Farrington, Lakeport, CA, Harry T. (Chip) Gower, III, Susan J. Kawala CA State Attorney General's Office, San Francisco, CA, for Defendants.

ORDER GRANTING REVIEW OF AND REVISING CLERK'S TAXATION OF COSTS

THELTON E. HENDERSON, United States District Judge

\*1 Now before the Court is Defendants' motion to review the Clerk's taxation of prevailing party costs against Plaintiff. Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing previously scheduled for August 25, 2014. For the reasons discussed below, the Court GRANTS review of and REVISES the Clerk's taxation of costs consistent with this order.

BACKGROUND
Following a jury verdict in Defendants' favor, the Court entered judgment against Plaintiff on June 3, 2014. On June 16, 2014, Defendants timely filed and served their bill of costs on Plaintiff, along with the required supporting affidavit. *See* Civ. L.R. 54–1(a) (providing that no later than 14 days after entry of judgment, a prevailing party claiming taxable costs must file and serve a bill of costs, along with a supporting affidavit attesting that the costs are correctly stated, were necessarily incurred, and are allowable by law). The bill of costs sought $32,464.27. *See* Docket No. 116. On June 25, 2014, Plaintiff timely filed and served objections to Defendants' bill of costs. *See* Civ. L.R. 54–2(a) (providing that within 14 days after service of the bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill). Plaintiff's objections did not contain the required representation that counsel met and conferred to resolve the disagreement about taxable costs claimed in the bill, or that the objecting party otherwise made a good faith effort to arrange such a conference. *See* Civ. L.R. 54–2(b) (imposing these requirements). On July 1, 2014, counsel for Defendants submitted a supplemental declaration in support of Defendants' bill of costs, in which counsel argued that certain costs objected to by Plaintiff were necessary and allowable, and that Plaintiff's counsel violated Civil Local Rule 54–2(b) by failing to meet and confer before filing the objections. On July 8, 2014, the Clerk taxed costs in the amount of $10,960.41 against Plaintiff. The Clerk's taxation reduced the fees sought for transcripts obtained in the case from $10,414.82 to $5,426.05, reduced the fees for witnesses from $3,380.03 to $2,547.32, and also reduced the fees for "exemplification" from $15,833.78 to $151.40 where Defendants had sought reimbursement for exemplification costs associated with presenting audio and video evidence at trial.

On July 15, 2014, Defendants timely filed the instant motion for review of the Clerk's taxation of costs, arguing that the Clerk improperly disallowed the transcript and exemplification fees originally sought in their bill of costs. *See* Fed.R.Civ.P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). Plaintiff did not file a motion seeking review of the Clerk's taxation of costs. Plaintiff, however, filed an opposition brief to Defendants' motion for review, wherein she renewed many of the arguments she made in her original opposition to Defendants' initial bill of costs. *Compare* Docket No. 123 *with* Docket No. 117.

LEGAL STANDARD
\*2 Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party." Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the

Case 2:13-cv-00889-TS Document 151-1 Filed 09/30/15 Page 2 of 7
Fowler v. California Highway Patrol, Not Reported in F.Supp.2d (2014)
2014 WL 3965027

losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944–45 (9th Cir.2003) (citing *Stanley v. Univ. of Southern California,* 178 F.3d 1069, 1079 (9th Cir. 1999)). The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945. The Court may refuse to award costs to a prevailing party on several recognized grounds, including: the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. *See id.*(internal citations omitted).

28 U.S.C. section 1920 ("§ 1920") "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S.437, 441–42 (1987) Civil Local Rule 54–3 provides additional "standards for interpreting the costs allowed by section 1920." *Intermedics v. Ventritex, Co.,* No. C–90–20233, 1993 WL 515879, at *1 (N.D.Cal. Dec. 2, 1993).

On a proper and timely motion, the Court may review the Clerk's taxation of costs. *See* Fed.R.Civ.P. 54(d)(1). A district court reviews the Clerk's taxation of costs de novo. *See Lopez v. San Francisco Unified Sch. Dist.,* 385 F.Supp.2d 981, 1000–1001 (N.D.Cal.2005); *Escriba v. Foster Poultry Farms,* No. CV–09–1878 LJO–MJS, 2012 WL 174847, at * 1 (E.D.Cal. Jan. 20, 2012). "A district court may reduce costs which are unreasonably large or which are not supported by adequate documentation. The Court also has discretion to award partial costs or to require the parties to pay their own costs." *Shum v. Intel Corp.,* 682 F.Supp.2d 992, 998 (N.D.Cal.2009)*aff'd,* 629 F.3d 1360 (Fed.Cir.2010) (internal citations omitted). "With regard to individual itemized costs, 'the burden is on the party seeking costs ... to establish the amount of compensable costs and expenses to which it is entitled.' " *City of Alameda v. Nuveen Mun. High Income Opportunity Fund,* No. C 08–4575 SI, 2012 WL 177566, at * 1 (N.D.Cal. Jan. 23, 2012) (quoting *Allison v. Bank One–Denver,* 289 F.3d 1223, 1248–49 (10th Cir.2002)).

DISCUSSION
Defendants move the Court to review and tax two discrete costs disallowed by the Clerk: (1) exemplification costs related to video presentations used at trial and (2) fees for deposition transcripts. Based on a de novo review of these challenged categories of costs, the Clerk shall tax costs consistent with the following discussion.

I. Reproduction and Exemplification Costs
Defendants claimed $15,833.78 in costs for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* Docket No. 116 & Osgood Decl. at 5–6, Docket No. 116–1. The Clerk disallowed $15,682.38 as outside of the ambit of allowable costs for reproduction and exemplification. *See* Docket No. 119. Defendants seek review of this disallowance. Upon de novo review of costs sought for reproduction and exemplification, the Court finds as follows.

Defendants' request for $406.00 in copying fees for records and documents produced in response to discovery requests are allowable reproduction and exemplification costs. *See* 28 U.S.C. § 1920(4) & Civ. L.R. 54–3(d)(2).

Defendants' request for $590.60 in printing and copying costs for exhibits and nonroutine materials for use at trial are also allowable. *See* Civ. L.R. 54–3(d)(4).

*3 Defendants' claim for $306.68 for foam-core board demonstratives and enlargements is disallowed. "The cost of preparing ... visual aids to be used as exhibits is allowable if such exhibits are *reasonably necessary to assist the jury or the Court in understanding the issues at the trial*." Civ. L.R. 54–3(d)(5) (emphasis added). The graphics displayed on the foamboards consisted of a chart and a photograph of the side of the road in which the incident occurred. This content could have also been displayed electronically or printed and distributed to the jury and Court, and thus these demonstratives were not reasonably necessary to assist in understanding issues at trial. The Court declines to award this cost.

Defendants assert that the remaining $14,530.50 fees for "technical support, video creation and editing, and equipment rental relating to the presentation of evidence at trial" are taxable reproduction and exemplification costs. Osgood Decl. at 5. Defendants contend these services were necessary because the courtroom in which the trial took place did not have its own equipment to present the audio and video recordings which were central to the case, necessitating Defendants to bring their own. *See id*. at 6. Plaintiff challenges these costs as excessive and outside of the ambit of "exemplification."

Case 2:13-cv-00889-TS   Document 151-1   Filed 09/30/15   Page 3 of 7
Fowler v. California Highway Patrol, Not Reported in F.Supp.2d (2014)

2014 WL 3965027

Whether—and to what extent—the use of technology at trial is taxable as a prevailing party cost under 28 U.S.C. § 1920 is an evolving issue. Courts have recognized that a circuit split exists "concerning how broad[ly] to construe the term 'exemplification' in § 1920(4)—some circuits apply the 'broad' definition and some apply the 'narrow' definition." *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.,* No. C06–110–MWB, 2009 WL 2584838, at * 8 (N.D. Iowa A ug. 17, 2009) (citation omitted); *see also Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.,* 718 F.3d 249, 262 (4th Cir.2013) (noting circuit split). For example, the Seventh Circuit has embraced a broad definition of exemplification when it held that "[s]o long as the means of presentation furthers the illustrative purpose of an exhibit, we believe it is potentially compensable as exemplification. This approach allows appropriate room for the more sophisticated types of multi-media presentations made possible by technological advances." *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 428 (7th Cir.2000); *see also id.* at 427 (citing MerriamWebster's Collegiate Dictionary 406 (10th ed.1993) ("exemplification" commonly signifies "the act of illustration by example, a connotation broad enough to include a wide variety of exhibits and demonstrative aids.")). In contrast, the Eleventh Circuit has

conclude[d] that the term 'exemplification' imports the legal meaning of '[a]n official transcript of a public record, authenticated as a true copy for use as evidence,' Black's Law Dictionary 593 (7th ed.1999), and not the broader and common connotation that includes 'a showing or illustrating y example.' Webster's Third New I nternational Dictionary '795 (1981).

*Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F.3d 1293, 1297 (11 th Cir.2001) (finding videotape exhibits and computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4)). The parties do not cite, and the Court has not been able to find, any controlling Ninth Circuit authority directly addressing this question.

The Court is guided, however, by the Supreme Court's recent statements emphasizing that "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.,* ––– U.S. ––––, 132 S.Ct. 1997, 2006 (2012) (concluding that § 1920(6)—which authorizes the district court to compensate a party for the expense of an interpreter—does not cover the cost of translating documents because the plain meaning of the word "interpreter" includes oral, not written, translations). "Taxable costs are limited to relatively minor, incidental expenses ... [and] are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* In light of *Taniguchi,* the Ninth Circuit "construe[s] § 1920 narrowly." *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir.2013).

*4 In *Kalitta,* the court held that the cost of deposition editing is not taxable "because it is a service in excess of the cost of making copies of the videotape," and that synchronizing deposition videotapes with their transcripts, "while convenient, was not an act of copying or exemplification and was not truly *necessary* for trial." *Id.* at 959 (emphasis in original). With these authorities in mind, and construing § 1920 narrowly, the Court disallows Defendants' costs related to video and audio presentation at trial.

First, as a preliminary matter, the evidence submitted by Defendants in support of this claimed cost is inadequate. The "On the Record" vendor invoice, *see* Osgood Decl. at 63–64, does not comport with Civil Local Rule 54–1(a), which requires, *inter alia,* that each bill of cost "separately and specifically identify each item of taxable cost claimed," along with "[a]ppropriate documentation to support each item claimed." Civ. L.R. 54–1(a). Defendants' conclusion that presentation of video evidence was necessary at trial does not mean *ipso facto* that the vast majority of unspecified related costs associated with the hired technology vendor and equipment rentals are therefore also taxable costs.

The original total invoice amount for On the Record's services is $18,887.28. Defendants subtracted $4,356.78 from this invoice "as costs of meetings, travel, conference calls, and other matters not directly related to the creation and presentation of video and audio evidence at trial." Osgood Decl. at 6. But the Court cannot discern which line items were specifically subtracted as "not directly related" to the creation and presentation of video and audio evidence at trial. Moreover, it seems clear that certain claimed costs would not be allowable under § 1920. Defendants' inclusion of $843 for "Video Depo/transcript Synchronization from VHS/DVD" is not a taxable cost. *See Kalitta,* 741 F.3d at 959. It is unclear whether "Video Clip Editing from Synchronized Video" and "Video Editing—Non Linear" relate to the clearly unallowable costs associated with deposition video synchronization, so ambiguity again renders it impossible for the Court to determine whether these line items are taxable. Thus, the Court cannot conclude what portion of these services throughout trial comprised the "cost of *preparing*

Case 2:13-cv-00889-TS   Document 151-1   Filed 09/30/15   Page 4 of 7
Fowler v. California Highway Patrol, Not Reported in F.Supp.2d (2014)

2014 WL 3965027

charts, diagrams, videotapes, and other visual aids to be used as exhibits." Civ. L.R. 54–3(d)(5) (emphasis added). Defendants' video presentation and related costs are thus disallowed on the ground of inadequate documentation and explanation.

Second, the Court concludes that in-court technical support and equipment rental fees are disallowed as costs because they are not acts of copying or exemplification, as contemplated by § 1920. Defendants cite pre-*Taniguchi* /*Kalitta* authority for the proposition that in-court technician time and associated equipment costs are permitted as exemplification costs. *See Shum,* 682 F.Supp.2d at 1000 (allowing in-court technical support and equipment rental fees as costs). However, courts in this district also arrived at the contrary conclusion. *See, e.g., Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.,* No. C04–3518SBA, 2007 WL 832935, at * 3 (N.D.Cal. Mar. 19, 2007) ("Fees for a video technician does not easily fit within any of the enumerated categories [of 28 U.S.C. § 1920] and therefore the fees for the video technician will not be allowed."). In light of recent Supreme Court and Ninth Circuit guidance, and the proper, narrow construction of § 1920, the Court finds that Defendants' in-court technical support and equipment rental fees are not properly taxed as costs because they are not, by their own terms, acts of copying or exemplification. *See Behlman v. Century Sur. Co.,* No. 4:12–CV–1567 JAR, 2014 WL 2930658, at * 1 (E.D. Mo. June 27, 2014) (disallowing the taxation of costs for a trial technician as outside of the ambit of § 1920).

*5 Furthermore, even if technician time and equipment rental fees were taxable, here, the costs were excessive, as the total amount charged was not truly *necessary* for trial. *See Kalitta,* 741 F.3d at 959. The trial in this case did not involve patents or complicated technical issues; it was a § 1983 excessive force case with a relatively limited factual scope. Defendants spent $6,320 for 32.1 hours of in-court video technician time at a rate of $200 per hour. The audio and video excerpts (such as the MVARS video recording of the incident) that were played during the course of the trial totaled no more than a few hours of airtime—nowhere near the 32.1 hours that the technician sat in the courtroom. Similarly, while Defendants argue that *Shum,* 682 F.Supp.2d at 1000, supports the taxation of the cost of equipment rentals for the two weeks of trial, for a total of $6,350,[1] nothing in the narrowly construed provisions of § 1920 indicates that the deployment of state-of-the-art technology to present evidence to the jury and Court is properly construed as a necessary fee for an act of copying or exemplification under § 1920. Thus, Defendants are not entitled to their fees for in-court technical support,

equipment rental, and other related services as taxable costs under § 1920.

Accordingly, the Clerk shall tax costs of $996.60 with respect to fees for printing, exemplification, and copying.

II. Deposition Transcripts
Defendants claimed $10,414.82 in fees for deposition transcripts and video recordings as taxable costs. *See* Docket No. 116 & Osgood Decl. at 3–4. Defendants' bill of cost and supporting declaration broke down the costs by deponent, and attached supporting documentation in the form of deposition vendor invoices. Osgood Decl. at 3–4, 32–44. The Clerk disallowed $4,988.77 as outside the ambit of Civil Local Rule 54–3(c). *See* Docket No. 119. Defendants seek review of this disallowance. Upon de novo review of costs sought for deposition transcripts and video recordings, the Court finds as follows.

By statute and local rule, fees for transcripts from depositions, including those that are videotaped, may be taxed as a cost. *See* 28 U.S.C. § 1920(2) (authorizing taxation of "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case") (emphasis added); *see also* Civ. L.R. 54–3(c)(1) ("The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."). However, there is a split of authority within this district on whether a prevailing party is entitled to an award for the cost of both videotaping and transcribing the same deposition.[2] Although the Ninth Circuit has not yet weighed in on this issue, the Court finds persuasive the weight of recent authority, including the Federal Circuit in *In re Recoh,* 661 F.3d at 1369, which holds that fees for both the videotaped and stenographic versions of the same transcript are taxable. Accordingly, both the videotaped depositions and stenographic transcripts in this case are properly taxable.

*6 However, disallowance of the cost of deposition transcripts not used at trial is within the district court's discretion. *See Washington State Dep't of Transp. v. Washington Natural Gas Co., Pacificorp,* 59 F.3d 793, 806 (9th Cir.1995); *Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1061 (9th Cir.2001). Here, the district court exercises its discretion to disallow the costs of the depositions of the following witnesses who did not testify at trial: J. White, G. Maes, G. Prigatano, G. Baarts, and B. Bach. These witnesses did not testify at trial because their testimony was either cumulative or unnecessary given the narrow scope of

the case. Accordingly, the Clerk shall tax costs for the transcripts and video recordings of the depositions only for the following witnesses who did testify at trial: K. Fowler, F. Henshaw, J. Fowler, G. Cambra, G. Flaherty, R. Clark, and D. Frederick. The total taxable amount for the depositions of these witnesses is $5907.66. Accordingly, the Clerk shall tax this amount.

III. Plaintiff's General Objections

Plaintiff argues that the Court should "deny, in its entirety, Defendants' Bill of Costs," and advances various arguments in support of this position. *See* Opp'n at 6, Docket No. 123. Plaintiff, however, failed to file a motion seeking review of the Clerk's taxation of costs. *See* Fed.R.Civ.P. 54(d)(1). Additionally, such a motion cannot be made in an opposition. *See* Politte v. United States, No. 07–CV–1950 AJB WVG, 2012 WL 4845566, * 5 (S.D.Cal., Oct. 10, 2012) (denying challenge to award of costs raised in opposition on ground that it was "not properly before the Court as it is untimely"). Thus, Plaintiff waived her arguments and the Court does not disturb the Clerk's award of fees and costs, except as specified above.

At any rate, the Court notes that Plaintiff's waived arguments against the imposition of costs, in their entirety, are not sufficiently persuasive to overcome the presumption in favor of an award. *See* Save Our Valley, 335 F.3d at 945. Plaintiff presents no persuasive evidence that Defendants engaged in bad faith litigation practices or approached the litigation with unclean hands; that Defendants warned prior to trial that prevailing party costs in a similar case amounted to $10,000 rather than the costs ultimately sought here did not bind Defendants to seeking only $10,000 in costs or otherwise constitute misconduct. While Plaintiff asserts that her financial resources are scarce, she presents no admissible evidence supporting that she has limited financial resources such as an affidavit to that effect. Plaintiff's § 1983 excessive force case, while important, did not raise complex or novel legal issues. *See* Stanley, 178 F.3d at 1080. Given that the Court, after a de novo review of the Clerk's challenged taxation of costs, substantially reduces the costs awarded to Defendants, the Court concludes that imposition of costs here will not have a chilling effect on future civil rights litigation. Thus, the Court finds that the Clerk's taxation of prevailing party costs under 28 U.S.C. § 1920 and Civil Local Rule 54 is proper, as modified above.

CONCLUSION

Accordingly, the Clerk shall tax Plaintiff with the following costs:

| Costs To Be Taxed | Amount | Authority |
|---|---|---|
| Fees of the Clerk | $350 | As originally taxed by the Clerk |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $5907.66 | As modified by this Order |
| Fees for witnesses | $2,547.32 | As originally taxed by the Clerk |
| Fees for Exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case | $996.60 | As modified by this Order |
| Total | $12,287.22 | |

IT IS SO ORDERED.

All Citations

Not Reported in F.Supp.2d, 2014 WL 3965027

Footnotes

1   The equipment includes the following: Hi–Lumens XGA LCD Projector (court); HiLumens XGA LCD Projector (office); Multimedia Presentation System; Multimedia Presentation System (Backup); Elmo Visual Presenter (Digital); High Speed Color Duplex Scanner; Laser Printer with additional RAM added; 8 Foot Projection Screen; Speakers; 6 or 8–Way Digital Distribution Amplifier; 4 in 1 out Digital Video Switcher; 4–Way Digital Distribution Amplifier; 2–Way Digital Distribution Amplifier; 17‘ Flat Panel XGA LCD Monitor; and five (5) 17 ‘ Flat Panel XGA LCD Monitors; and X GA cabling, extension cords & power strips. *See* Osgood Decl. at 63–64.

2   *Compare Affymetrix, Inc. v. Multilyte Ltd.,* No. C 03–03779 WHA, 2005 WL 2072113, at * 2 (N.D.Cal. Aug. 26, 2005) (disallowing the taxable cost for both the videotaping and the stenographic transcription of a deposition), *ATS Products Inc. v. Ghiorso,* No. C10–4880 BZ, 2012 WL 1194151, at * 1 (N.D.Cal. Apr. 10, 2012) (same), *Pierson v. Ford Motor Co.,* No. C 06–6503, 2010 WL 431883, at *4 (N.D.Cal. Feb. 2, 2010) ("[T]he cost of only one method of recording the deposition is allowable.") *with Pixion Inc. v. PlaceWare Inc.,* No. C 03–02909 SI, 2005 WL 3955889, at *2 (N.D.Cal. May 26, 2005) (interpreting Local Rule 54–3(c) to allow for taxable costs of both the videotaping and transcribing of a deposition), *Meier v. United States,* No. C 05–04404 WHA, 2009 WL 982129, at * 1 (N.D.Cal. Apr. 13, 2009) (same), *In re Ricoh Co., Ltd. Patent Litig.,* 661 F.3d 1361, 1369–70 (Fed. Cir.2011) (affirming a Northern District of California court's decision interpreting 28 U.S.C. §1920 and Local Rule 54–3(c) to allow for taxable costs of both the videotaping and transcribing of a deposition), *Kilopass Tech. Inc. v. Sidense Corp.,* No. C 10–02066 SI, 2013 WL 843104, at * 3 (N.D.Cal. Mar. 6, 2013) (taxing both transcript and video costs), and *eBay Inc. v. Kelora Sys., LLC,* No. C 10–4947 CW (LB), 2013 WL 1402736, at * 9–10 (N.D.Cal. Apr. 5, 2013) (same).

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.